**Eugene N. HYDE, Appellant,**

v.

**Robert KENNEDY, Attorney General, Preston Smith, Warden, Appellees.**

**No. 17493.**

United States Court of Appeals
Ninth Circuit.

April 2, 1962.

Marcia King, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Donald A. Fareed, Asst. U. S. Atty., Chief of Civil Division, and Robert A. Smith, Asst. U. S. Atty., Los Angeles, Cal., for appellees.

Before HAMLIN and MERRILL, Circuit Judges, and WALSH, District Judge.

HAMLIN, Circuit Judge.

On January 4, 1954, Eugene N. Hyde, petitioner herein, was sentenced to four years' imprisonment by the United States District Court for the District of Nevada. On July 5, 1955, he was paroled. On June 8, 1960, he was returned to prison as a parole violator and is now confined therein. On July 20, 1961, he applied to the United States District Court for the Southern District of California for a writ of habeas corpus, contending that he was entitled to his release under the good time provisions set out in 18 U.S. C.A. §§ 4161–62–63–65.[1]

1. "§ 4161. Computation generally
"Each prisoner convicted of an offense against the United States and confined in a penal or correctional institution for a definite term other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence beginning with the day on

The district court denied the writ and petitioner timely appealed to this court which has jurisdiction under 28 U.S.C.A. § 1291.[2]

Petitioner contends that under 18 U.S.C.A. § 4161 he was entitled on July 5, 1955, to 126 days good time (18 months times 7), and that under 18 U.S.C.A. § 4162 he was then entitled to 13 days industrial good time. Under his calculation he had served as of July 5, 1955, the date of his parole, 540 days (18 times 30) plus 126 days good time (18 times 7) plus 13 days industrial good time, or a total of 679 days.

■■ From the date of his return to prison as a parole violator on June 8, 1960, until July 20, 1961, the date of his application for a writ of habeas corpus, a total of 408 days elapsed. If this figure were added to 679 days, which petitioner contends that he was entitled to, the total would equal 1087 days. Inasmuch as his total sentence was four years or 1460 days, it is apparent that petitioner's application for release was premature at the time the application for writ of habeas corpus was filed.[3] This of course does not even take into consideration the provisions of section 4165 which provides for the forfeiture of good time if "a prisoner commits any offense or violates the rules of the institution."[4]

The judgment of the district court is affirmed.

---

which the sentence commences to run, as follows:

  &ast;   &ast;   &ast;   &ast;   &ast;

"Seven days for each month, if the sentence is not less than three years and less than five years.

  &ast;   &ast;   &ast;   &ast;   &ast;

"When two or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the deduction shall be computed."

"§ 4162. Industrial good time

"A prisoner may, in the discretion of the Attorney General, be allowed a deduction from his sentence of not to exceed three days for each month of actual employment in an industry or camp for the first year or any part thereof, and not to exceed five days for each month of any succeeding year or part thereof.

"In the discretion of the Attorney General such allowance may also be made to a prisoner performing exceptionally meritorious service or performing duties of outstanding importance in connection with institutional operations.

"Such allowance shall be in addition to commutation of time for good conduct, and under the same terms and conditions and without regard to length of sentence."

"§ 4163. Discharge

"A prisoner shall be released at the expiration of his term of sentence less the time deducted for good conduct. A certificate of such deduction shall be entered on the commitment by the warden or keeper."

"§ 4165. Forfeiture for offense

"If during the term of imprisonment a prisoner commits any offense or violates the rules of the institution, all or any part of his earned good time may be forfeited."

2. Appellant filed the appeal in propria persona. However, at appellant's request, court-appointed counsel Marcia King presented appellant's claims at oral argument. The court expresses its appreciation to counsel for her able representation of appellant.

3. E. g., Lee v. Swope, 225 F.2d 674 (9th Cir. 1955). Appellant's writ was premature even if it be assumed that he was entitled to additional good time for the period from the date of his recommittal on June 8, 1960, to the date of his filing of application with the district court on July 20, 1961.

4. The forfeiture provision is applicable to violations of parole. See, e. g., Tippitt v. Squier, 145 F.2d 211 (9th Cir. 1944).