**Mendell WILLIAMS, Appellant,**

v.

**Dr. Pasquale J. CICCONE, Director, United States Medical Center for Federal Prisoners, Appellee.**

**No. 19539.**

United States Court of Appeals Eighth Circuit.

Aug. 26, 1969.

Mendell Williams, filed brief pro se.

Calvin K. Hamilton, U. S. Atty., and Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., filed brief for appellee.

Before BLACKMUN, MEHAFFY and LAY, Circuit Judges.

PER CURIAM.

Mendell Williams appeals pro se and in forma pauperis from Chief Judge Becker's dismissal of his petition for a writ of habeas corpus. Williams v. Ciccone, 293 F.Supp. 271 (W.D.Mo.1968).

The facts are not in dispute. Williams is now confined at the United States

Medical Center at Springfield, Missouri. He is 39 years of age. On May 14, 1953, he was convicted by a United States Army general court-martial for the murder of a fellow soldier in Japan, in violation of Article 118(2) of the Uniform Code of Military Justice, 50 U.S.C. § 712(2) [since replaced by 10 U.S.C. § 918(2)]. Williams' original life sentence was thereafter reduced by proper authority in several steps so that on December 7, 1964, it stood at 17 years 7 months. The chronological details are set forth in Judge Becker's memorandum. 293 F.Supp. at 272.

On December 10, 1964, Williams was released mandatorily, under 18 U.S.C. § 4163, with 2,217 days of his reduced sentence yet to be served. These unserved days were his good time allowances under 18 U.S.C. § 4161. Some of this good time had been forfeited earlier but had been restored. In 1965, while Williams was on release, he violated his parole and was arrested and recommitted. He was again mandatorily released on August 3, 1966, with 1,950 days of his reduced sentence unserved. Again he violated his parole and was rearrested June 30, 1967. His good time was forfeited and he has remained confined since then. His sentence now expires full term on October 30, 1972, but with further good time allowances he is subject to release on January 29, 1971.

Williams' complaint here is that there is a distinction between mandatory release and conditional release; that his allowances under § 4161 had vested at the time of his mandatory release on December 10, 1964; that these allowances cannot be taken away from him and are not subject to forfeiture; and that, as a consequence, he is unlawfully confined. It is to be observed that, so far as the record discloses, the petitioner's difficulties arose not when he was confined in prison but when he was on release.

We note, in passing, that Williams applied for similar relief in the District of Kansas while he was at Leavenworth. This was denied by Chief Judge Stanley on January 8, 1968. Apparently no appeal was taken.

■ We necessarily affirm on the basis of Judge Becker's memorandum. In the hope that we may make it clear to this petitioner, we reiterate and reemphasize, for his benefit: (1) Section 4164 is applicable to a military prisoner. Mitchell v. Kennedy, 344 F.2d 935, 936 (10 Cir. 1965), cert. denied, 382 U.S. 920, 86 S.Ct. 299, 15 L.Ed.2d 234; Osborne v. Taylor, 328 F.2d 131, 132 (10 Cir. 1964), cert. denied, 377 U.S. 1002, 84 S.Ct. 1936, 12 L.Ed.2d 1051, (2) Section 4164 clearly and specifically provides that a prisoner on good time release "shall * * * be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced" less 180 days. (3) Williams' parole violations took place long before the last 180 days of his sentence. (4) A good time allowance is not a vested right. Section 4165 specifically provides that "all or any part of his earned good time may be forfeited." (5) Section 4165 applies to a violation committed while on release as well as to one committed while in prison. Miller v. Taylor, 313 F.2d 21, 22 (10 Cir. 1962), cert. denied, 374 U.S. 837, 83 S.Ct. 1887, 10 L.Ed.2d 1058. See Hughes v. Burke, 334 F.2d 795, 797 (7 Cir. 1964).

The case clearly is controlled by our decision in Sprouse v. Settle, 274 F.2d 681, 683–684 (8 Cir. 1960):

"Sections 4161 and 4162, in conjunction with §§ 4163 and 4164, simply provide a means by which it is possible for a prisoner to achieve a different form or mode of effecting service of part of the term or terms of sentence existing against him, when his accumulation of good time has reached the point where it is entitled to become effective in conditional release.

"But the right of a prisoner to make such a substituted form of sentence-service is conditional and not absolute. The prisoner cannot engage in any legal or moral misconduct while he is on conditional release. And for any such misconduct in which he may en-

gage, while on conditional release, up until the last 180 days of his maximum term or terms of sentence are reached, he is subject to being retaken into custody by Board warrant; having all of his previously earned good time forfeited; and being required to take up the prison-service of his sentence at the point where this had been left off when he was conditionally released."

To the same general effect are Douglas v. Sigler, 386 F.2d 684, 686 (8 Cir. 1967); Morneau v. United States Bd. of Parole, 231 F.2d 829 (8 Cir. 1956), cert. denied, 351 U.S. 972, 76 S.Ct. 1037, 100 L.Ed. 1490; Robinson v. Willingham, 369 F.2d 688 (10 Cir. 1966); Taylor v. United States Marshal, 352 F.2d 232 (10 Cir. 1965); Humphrey v. Wilson, 281 F.Supp. 937, 942 (W.D.Mo.1968).

Williams is mistaken when he seeks to draw a distinction between a mandatory release and the conditional release referred to in some of the cases. A release may be mandatory under § 4163 but, under § 4164, it remains conditional for the period therein specified. Tirado v. Blackwell, 379 F.2d 619, 620 (5 Cir. 1967), cert. denied, 390 U.S. 992, 88 S.Ct. 1186, 19 L.Ed.2d 1301.

Affirmed.