William MILLER, Petitioner-Appellant,

v.

J. HADDEN, Warden, Respondent-Appellee.

No. 196, Docket 86–2256.

United States Court of Appeals, Second Circuit.

Submitted Nov. 3, 1986.

Decided Feb. 2, 1987.

William Miller, pro se.

Frederick J. Scullin, Jr., U.S. Atty. for N.D.N.Y., Albany, N.Y. (David R. Homer, Asst. U.S. Atty., Albany, N.Y., on the brief), for respondent-appellee.

Before FEINBERG, Chief Judge, and OAKES and KEARSE, Circuit Judges.

KEARSE, Circuit Judge:

Petitioner William Miller, a federal prisoner twice reincarcerated after parole violations, appeals from a judgment of the United States District Court for the Northern District of New York, James T. Foley,

*Judge,* denying his petition for a writ of habeas corpus which sought his release from prison on the ground that the United States Parole Commission ("Parole Commission" or "Commission") had improperly revoked his "good time" credits earned in prison after 1976 and denied him credit for "street time," *i.e.,* the time he was free on parole. On appeal, he contends principally (1) that the district court erred in concluding that "good time" credits he earned after 1976 pursuant to 18 U.S.C. § 4161 (1982) were not vested and hence were forfeitable upon parole revocation, and (2) that the Commission's failure to give him advance notice that a parole revocation might deprive him of credit for street time violated his right to due process. Finding no merit in either contention, we affirm.

## I. BACKGROUND

The pertinent events are not in dispute. In 1971, Miller was convicted of federal narcotics violations and sentenced to two concurrent 20–year terms of imprisonment. In April 1978, he was released on parole; he was expected to remain under parole supervision until March 12, 1991.

After April 1978, Miller was arrested several times for alleged parole violations; two of those arrests led to revocations of his parole. In June 1980, Miller's parole was revoked because of conceded parole violations that included, *inter alia,* leaving his district without permission, disobeying a speeding summons, and failing to submit required reports. No part of the time that Miller spent on parole after the first of these violations was credited toward service of his sentence. When he was reparoled in November 1980 his parole supervision period was extended to July 5, 1992. In January 1983, Miller's parole was again revoked, this time because of his conviction in a Massachusetts state court for larceny in an amount exceeding $100, a felony, and because of his failure to appear for sentencing on that conviction. Once again, no credit was given Miller for the time he had spent on parole. In addition, no "good time" credit was given Miller for the period during which he was incarcerated in 1980 in connection with his first parole revocation. He was given a new presumptive parole date, eventually set at August 1, 1985.

In April 1985, Miller commenced the present habeas corpus proceeding, contending that he was entitled to immediate release on the grounds (1) that the Commission had no authority to deny him good time credits because the Parole Commission and Reorganization Act of 1976 ("1976 Act" or "Act"), Pub.L. No. 94–233, 90 Stat. 219, which, *inter alia,* repealed 18 U.S.C. §§ 4205, 4207 (1970), had the effect of vesting all of a prisoner's good time credits and forbidding their forfeiture upon a revocation of his parole; and (2) that the Commission could not properly deny him credit for street time because it had not given him notice prior to his second revocation hearing that revocation of parole could result in his loss of such credit.

The district court denied the petition. Adopting the report of the United States Magistrate to whom the petition had been referred, the court found (1) that there was no indication that Congress had intended the 1976 Act to repeal the longstanding rule that a prisoner's good time credits may be forfeited when his parole is revoked, and (2) that since Miller had been notified of the charges against him prior to his second parole revocation hearing and since there was no defense to a denial of street time credit that would not also have been a defense to the parole violation charge itself, Miller was not prejudiced by any failure of the Commission to notify him that a revocation of his parole could result in his loss of credit for street time.

On appeal, Miller renews the contentions he advanced in the district court. We find them to be without merit.

## II. DISCUSSION

A. *Forfeitability of Good Time Credits*

Good time credits are awarded to federal prisoners pursuant to 18 U.S.C. § 4161,

which provides, in pertinent part, as follows:

> Each prisoner convicted of an offense against the United States and confined in a penal or correctional institution for a definite term other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence....

18 U.S.C. § 4161 (1982) (repealed effective Nov. 1, 1987, Pub.L. 98–473, tit. II, §§ 218(a)(4), 235(a)(1), 98 Stat. 2027, 2031 (1984), as amended by Pub.L. 99–217, § 4, 99 Stat. 1728 (1985)). There is no question that prior to 1976 the United States Board of Parole ("Parole Board" or "Board") was authorized, upon a revocation of parole, to declare forfeit all of the parolee's previously earned good time credits. See, e.g., Williams v. Ciccone, 415 F.2d 331 (8th Cir.1969); Smith v. Blackwell, 367 F.2d 539 (5th Cir.1966); Hyde v. Kennedy, 300 F.2d 841 (9th Cir.1962) (dictum); Frierson v. Rogers, 289 F.2d 234 (5th Cir.1961) (per curiam); Hedrick v. Steele, 187 F.2d 261 (8th Cir.1951); Wipf v. King, 131 F.2d 33 (8th Cir.1942) (dictum); United States ex rel. Ostin v. Warden, 296 F.Supp. 1135, 1136 (S.D.N.Y.1969) (Weinfeld, J.), and cases cited therein.

Prior to the passage of the 1976 Act, 18 U.S.C. § 4207 provided that

> [i]f [an] order of parole shall be revoked and the parole so terminated, the said prisoner may be required to serve all or any part of the remainder of the term for which he was sentenced,

18 U.S.C. § 4207 (1970); and 18 U.S.C. § 4205 provided that

> "[t]he unexpired term of imprisonment of any [United States prisoner who has violated his parole] shall begin to run from the date he is returned to the custody of the Attorney General under [a warrant to retake him into custody], and the time the prisoner was on parole shall not diminish the time he was sentenced to serve,"

18 U.S.C. § 4205 (1970). In some pre–1976 cases, the authority of the Parole Board to forfeit the parole violator's previously earned good time credits was attributed to these sections. See, e.g., Frierson v. Rogers, 289 F.2d at 235 (§§ 4205, 4207); Smith v. Blackwell, 367 F.2d at 541 (§ 4205); Hedrick v. Steele, 187 F.2d at 263 (§ 4205, inter alia ).

In other cases, the authority of the Board to forfeit good time credits in connection with a revocation of parole was found in other sections of Title 18. In Wipf v. King, for example, the court noted that the forfeitability of such credits was inherent in the fundamental condition set by § 4161 for the earning of such credits, i.e., that "the prisoner's record shall show that 'he has faithfully observed all the rules and has not been subjected to punishment.'" 131 F.2d at 34 (quoting predecessor of § 4161). The courts in Williams v. Ciccone, 415 F.2d at 332, and Hyde v. Kennedy, 300 F.2d at 842 & n. 4, found the Board's authority to inhere in 18 U.S.C. § 4165, which provided, then as now, that

> [i]f during the term of imprisonment a prisoner commits any offense or violates the rules of the institution, all or any part of his earned good time may be forfeited.

18 U.S.C. § 4165 (1982) (repealed effective Nov. 1, 1987, Pub.L. 98–473, tit. II, §§ 218(a)(4), 235(a)(1), 98 Stat. 2027, 2031 (1984), as amended by Pub.L. 99–217, § 4, 99 Stat. 1728 (1985)). The Williams court stated as follows:

> A good time allowance is not a vested right. Section 4165 specifically provides that "all or any part of his earned good time may be forfeited." ... Section 4165 applies to a violation committed while on release as well as to one committed while in prison.

415 F.2d at 332. In Hedrick v. Steele, 187 F.2d at 263, the court upheld the Board's authority under three sections, §§ 4161, 4165, and 4205.

In the 1976 Act, which reorganized the federal parole structure and replaced the Parole Board with the Parole Commis-

sion, §§ 4205 and 4207 were repealed. For several reasons, we are unable to conclude, as Miller urges us to do, that the effect of this repeal was to "vest" good time credits earned thereafter and to deprive the federal parole authority of the power to forfeit such credits upon revocation of parole. First, as discussed above, §§ 4205 and 4207 were not the only sections in which the courts had found that authority. The other sections, *e.g.*, §§ 4161 and 4165, were not amended by the 1976 Act.

Second, the legislative history of the 1976 Act contained no statement suggesting that Congress intended to deny the Commission authority to forfeit good time credits upon a revocation of parole. *See generally* S.Rep. No. 369, 94th Cong., 2d Sess. ("S.Rep. 369"), *reprinted in* 1976 U.S.Code Cong. & Ad.News ("USCCAN") 335; H.R.Conf.Rep. No. 838, 94th Cong., 2d Sess. ("Conf.Rep. 838"), *reprinted in part in* 1976 USCCAN 351. Rather, that history discussed the proposed new provisions relating to parole revocation in terms that make clear that the Commission was intended to have the power to require the parole violator to serve his entire original sentence without credit for good time previously earned. The report of the Senate Judiciary Committee stated that in parole revocation cases, "the issue before the Commission is how much of the time remaining on the original sentence must be served by the parolee," S.Rep. No. 369, 1976 USCCAN at 339, and the House Conference Report stated that

> [i]n computing the date of expiration of the sentence, the Commission shall take into account the time the parolee previously *served* in connection with the original offense at commitment prior to his release on parole together with the time *served* for such offense following his revocation *and the time together shall not be longer than the maximum term for which he was sentenced* in connection with the original offense.

Conf.Rep. No. 838, 1976 USCCAN at 364 (emphasis added). There was no mention of good time credits. The maximum was fixed in terms of the amount of time "served." Thus, far from suggesting that good time credits were intended to be "vested," the legislative history suggests that the Commission was indeed to have the authority to forfeit those credits. The provision under discussion became the present § 4210, which provides, in pertinent part, that

> "[a] parolee shall remain in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which such parolee was sentenced,"

18 U.S.C. § 4210(a) (1982) (repealed effective Nov. 1, 1987, Pub.L. 98–473, tit. II, §§ 218(a)(5), 235(a)(1), 98 Stat. 2027, 2031 (1984), as amended by Pub.L. 99–217, § 4, 99 Stat. 1728 (1985)), and that

> in the case of a parolee who has been convicted of a Federal, State, or local crime committed subsequent to his release on parole, and such crime is punishable by a term of imprisonment, detention or incarceration in any penal facility, the Commission shall determine, in accordance with the provisions of section 4214(b) or (c) [*i.e.*, parole revocation standards and procedures], whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense, but in no case shall such *service* together with such time as the parolee has previously *served* in connection with the offense for which he was paroled, be longer that the *maximum term for which he was sentenced* in connection with such offense.

18 U.S.C. § 4210(b)(2) (1982) (repealed effective Nov. 1, 1987, Pub.L. 98–473, tit. II, §§ 218(a)(5), 235(a)(1), 98 Stat. 2027, 2031 (1984), as amended by Pub.L. 99–217, § 4, 99 Stat. 1728 (1985)) (emphasis added).

In light of the facts that (1) §§ 4205 and 4207 were not the only statutory bases for upholding the federal parole authority's power to forfeit a parole violator's previously earned good time credits, (2) other pre–1976 Act provisions from which such power had been and may be inferred were

untouched by the 1976 Act, (3) there is no indication in the legislative history that Congress intended to eliminate that power, and (4) the 1976 Act introduced § 4210 which is also a source of such power where the parole violation was the commission of a serious crime, we are unpersuaded that the repeal of §§ 4205 and 4207 in 1976 eliminated that power.

So far as we are aware, all other courts that have considered this question have reached the conclusion we reach here. *See, e.g., Wilkerson v. United States Board of Parole,* 606 F.2d 750, 751 (7th Cir.1979) (per curiam); *Lambert v. Warden,* 591 F.2d 4, 8 (5th Cir.1979) (per curiam); *see also Harris v. Day,* 649 F.2d 755, 758–60 (10th Cir.1981) (street time forfeitable under § 4210); *United States ex rel. Stanbridge v. Quinlan,* 595 F.Supp. 1145, 1148–50 (S.D.N.Y.1984) (Lasker, *J.*) (street time remains forfeitable notwithstanding repeal of § 4205).

**B.** *The Lack of Notice Regarding Loss of Street Time*

With respect to his loss of credit for the time he was on parole, Miller's contention is not that the Commission lacked the power to deny him such credit but rather that the denial of such credit violated his right to due process because the Commission failed to notify him that such credit might be denied. We reject this contention.

 To the extent pertinent here, due process requires that a parolee threatened with parole revocation receive notice of the charges against him and the factual basis for those charges. *See, e.g., Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972); *Vanes v. United States Parole Commission,* 741 F.2d 1197, 1201–02 (9th Cir.1984). That requirement was met here, for it is undisputed that Miller was provided with a written warrant for his retaking; that warrant listed the allegations that, while on parole, he had been convicted of larceny and had failed to appear at his sentencing. Those were the only charges on which the revocation of Miller's parole was based. Given

Miller's conviction of a crime while on parole, the denial of credit for the time he had spent on parole was required by published regulation of the Commission, 28 C.F.R. § 2.52(c)(2) (1982).

*Vanes v. United States,* on which Miller relies, is distinguishable, for there the Commission considered and acted on the basis of a charge of which it had given Vanes no advance notice.

CONCLUSION·

We have considered all of Miller's arguments on appeal and have found them to be without merit. The judgment of the district court is in all respects affirmed.