**Frank D'AMATO, Petitioner–Appellant,**

v.

**UNITED STATES PAROLE COMMISSION, Respondent–Appellee.**

**Thomas STABILE, Petitioner–Appellant,**

v.

**UNITED STATES PAROLE COMMISSION, Respondent–Appellee.**

**James R. MOORE, Petitioner–Appellant,**

v.

**UNITED STATES PAROLE COMMISSION and Dennis M. Luther, Respondents–Appellees.**

No. 1310, Docket 87–2104.

United States Court of Appeals, Second Circuit.

Submitted June 24, 1987.

Decided Jan. 14, 1988.

---

Frank D'Amato, pro se.

Anthony V. Lombardino, Kew Gardens, N.Y., for petitioner-appellant Thomas Stabile.

James R. Moore, pro se.

Frank H. Santoro, Asst. U.S. Atty., New Haven, Conn. (Stanley A. Twardy, Jr., U.S. Atty., D. Conn., New Haven, Conn., of counsel), for respondents-appellees.

Before NEWMAN, CARDAMONE and PIERCE, Circuit Judges.

PIERCE, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Connecticut, Warren W. Eginton, *Judge*, denying appellants' petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2241 (1982). Appellants presented several common and other claims of procedural deficiencies that allegedly violated their due process rights and thus invalidated the United States Parole Commission's revocations of their paroles. They contend that the district court erred in upholding some of the challenged procedures and in finding that no prejudice resulted from other alleged procedural infirmities. We affirm.

## BACKGROUND

This proceeding consists of three separate petitions for writs of habeas corpus that were consolidated in district court. Appellants D'Amato, Stabile, and Moore had been convicted of different federal crimes at different times; each was sentenced to a term of imprisonment and, in due course, each was placed on parole status. While on parole, each was charged with committing a new federal offense. As a consequence, the United States Parole Commission (the "Parole Commission" or "Commission") issued parole violation warrants against each of the appellants following their arrests. The warrants were lodged as detainers [1] against each of the appellants, who were already in custody

---

1. A detainer is "an internal administrative mechanism to assure that an inmate subject to an unexpired term of confinement will not be released from custody until the jurisdiction asserting a parole violation has had an opportunity to act." *Moody v. Daggett*, 429 U.S. 78, 80–81 n. 2, 97 S.Ct. 274, 275–76 n. 2, 50 L.Ed.2d 236 (1976).

based on the new charges; however, the warrants were not executed. The appellants claim that they did not receive a copy of the respective warrants prior to their parole revocation hearings, though these claims are contested by the government.[2] Appellant D'Amato was subsequently convicted of the new offenses charged and appellants Stabile and Moore pleaded guilty to their respective new charges; each of them was sentenced on these new convictions. Soon after Stabile's guilty plea and the expiration of his original parole term, the Commission supplemented Stabile's warrant[3] to indicate his guilty plea and new sentence. On the basis of joint dispositional hearings held for each appellant to consider revocation of parole on the original sentence and parole release on the new sentence,[4] the Parole Commission revoked each appellant's prior parole, ordered that time spent on such parole ("street time") be forfeited, and ordered that the unexpired portions of appellants' original sentences be served following release on parole from or upon mandatory release from the new sentence.

Appellants Moore, D'Amato, and Stabile commenced the subject habeas corpus proceedings in June 1986, July 1986, and September 1986, respectively, seeking new parole hearings and restoration of time spent on parole. They claimed that the Parole Commission violated their due process rights by failing to serve them with copies of the parole violation warrants as required by 18 U.S.C. § 4213 (1982), and by failing to notify them prior to their release on parole that a new conviction while on parole would result in the forfeiture of street time. In addition, Moore and Stabile claimed that the Commission deprived them of their due process and statutory rights to a preliminary hearing pursuant to 18 U.S.C. § 4214 (1982). Stabile also claimed that the Commission had no jurisdiction to supplement the parole violation warrant after his parole term had expired and that the Commission violated federal reparole guidelines by requiring his parole violation term to be "commenced upon the expiration of the newly imposed sentence." Moore's and Stabile's habeas corpus proceedings were consolidated with D'Amato's by the district court in December 1986.

The district court denied the petitions,[5] holding that 1) appellants had no due process or statutory right to a preliminary hearing when the parole violation warrants were issued on charges of new criminal offenses but remained unexecuted; 2) the Commission had jurisdiction to update an earlier-issued parole violation warrant after the expiration of parole to indicate the disposition of the charges that had provided the basis for the warrant; 3) due process was satisfied because appellants had notice of and an opportunity to present evidence of mitigating circumstances relating to the charges considered at their hearings; and 4) consecutive terms were permitted under the then current regulations.

On appeal, appellants present the same issues advanced in the district court.[6] We find their claims to be without merit.

---

2. At his revocation hearing, D'Amato acknowledged receiving copies of a parole violation warrant application and supplemental warrant application.

3. The Parole Commission updates the information on a warrant that has already been issued by issuing a supplemental warrant containing pertinent new information. *See Rhodes v. United States Parole Comm'n,* 456 F.Supp. 17, 22 (D.Conn.1977); U.S. Parole Commission, Rules and Procedures Manual 2.48–06(a)(2)(B). "For example, where a warrant is issued because of alleged misconduct on parole, it may be supplemented by the allegation that the parolee has been indicted for that conduct." *Rhodes,* 456 F.Supp. at 22.

4. The Commission may hold joint dispositional hearings when the parolee is serving a new sentence. *See* 28 C.F.R. § 2.47(b)(i).

5. Regarding Moore, the district court stated that "it does not appear that Moore has exhausted his administrative remedies" because he failed to appeal the Commission's decision to revoke his parole to the National Appeals Board. However, the district court found that, assuming *arguendo* that Moore had exhausted his administrative remedies, he nevertheless failed to show any prejudice as a result of the alleged deprivation of his rights. We agree with the district court.

6. In a document entitled "Appellants Brief on Appeal," D'Amato and Moore apparently adopt

## DISCUSSION

### 1. *Right to a Preliminary Hearing*

█ In relevant part, 18 U.S.C. § 4214(a)(1) provides that "any alleged parole violator *summoned or retaken under section 4213* shall be accorded the opportunity to have—(A) a preliminary hearing ... to determine if there is probable cause to believe that he has violated a condition of his parole" (emphasis added). Appellants D'Amato and Stabile claim that, by failing to hold preliminary hearings after issuing the parole violation warrants, the Parole Commission denied them their statutory and due process rights to a preliminary hearing. D'Amato and Stabile apparently assume that the Commission did not give them preliminary hearings based on an exception to the requirement set forth at 28 C.F.R. § 2.48(f). Section 2.48(f) provides in pertinent part that no preliminary hearing (referred to in the regulations as "preliminary interview") is necessary when a parolee has been convicted of a crime committed while on parole. Section 2.48(f) implements 18 U.S.C. § 4214(b)(1) which states that "[c]onviction for a Federal, State, or local crime committed subsequent to release on parole shall constitute probable cause for purposes of [18 U.S.C. § 4214(a) ]." Appellants claim that, although they had been charged with new crimes at the time of issuance of the parole violation warrants, they had not yet been convicted, and, therefore, the exception should not have applied to them. The record reveals that Stabile's and D'Amato's convictions took place over one month and over two months, respectively, after the issuance of each of their parole violation warrants. Based on the plain language of 18 U.S.C. § 4214(b)(1) and 28 C.F.R. § 2.48(f), we conclude that appellants are correct in asserting that the exception to the preliminary hearing requirement did not apply to them during the interval between the issuance of the parole violation warrants and appellants' convictions on their respective new charges. Ap-

pellants are incorrect, however, in their underlying assumption that their right to a preliminary hearing accrued upon the issuance of the warrants.

In *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court recognized that a parolee's conditional freedom on parole is a liberty interest that cannot be terminated without due process safeguards. The initial stage at which due process protections are required occurs when the parolee is arrested and detained for violation of parole. *See id.* at 485, 92 S.Ct. at 2602. At that time, a preliminary hearing is required to determine whether there is probable cause to believe that the arrested parolee has violated his parole. *See id.* In *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 247, 50 L.Ed.2d 236 (1976), the Supreme Court held that such a hearing need not be held during the period after the issuance of a parole violation warrant but before the parolee is taken into custody as a parole violator. *See id.* at 85–89, 97 S.Ct. at 277–79. Noting that the petitioner's confinement at the time of issuance of the parole violation warrant derived from prior convictions and *not* from the outstanding parole violation warrant, *see id.* at 86, 97 S.Ct. at 278, the Court stated that

> With only a prospect of future incarceration which is far from certain, we cannot say that the parole violator warrant has any present or inevitable effect on the liberty interests which *Morrissey* sought to protect. Indeed, in holding that "[t]he revocation hearing must be tendered within a reasonable time after the parolee is taken into custody," *Morrissey*, 408 U.S. at 488, [92 S.Ct. at 2603–04], we established *execution* of the warrant and custody under that warrant as the operative event triggering any loss of liberty attendant upon parole revocation. This is a functional distinction, for the loss of liberty as a parole violator does not occur

Stabile's brief insofar as it relates to the issues raised in their own petitions in district court. We say "apparently" because the document, which names both D'Amato and Moore as parties, was signed only by D'Amato. Moore did

not submit a separate brief or document. Since Stabile's claims in the district court included those made by D'Amato and Moore, we conclude that the issues advanced by appellants are the same as those advanced in district court.

until the parolee is taken into custody under the warrant.

*Id.* at 87, 97 S.Ct. at 278–79 (emphasis added).

■ With respect to the statutory right to a preliminary hearing, according to the plain language of § 4214(a)(1), before such a right accrues, an alleged parole violator must be "summoned or retaken" by the execution of a parole violation warrant pursuant to 18 U.S.C. § 4213.[7] *See Thigpen v. United States Parole Comm'n,* 707 F.2d 973, 976 (7th Cir.1983). Thus, the statutory right to a preliminary hearing, like the due process right, is triggered by the execution of a parole violation warrant.

■ In D'Amato's and Stabile's cases, the parole violation warrants were *issued* but not *executed.* Both of them were already in custody due to the new federal charges and were awaiting disposition thereof; they were *not* taken into custody based on alleged violations of parole. Because execution of the parole violation warrants—"the operative event triggering any loss of liberty attendant upon parole revocation," *Moody,* 429 U.S. at 87, 97 S.Ct. at 279—did not occur, any loss of liberty suffered by appellants did not derive from the outstanding parole violation warrants and, thus, the Commission did not infringe any due process or statutory rights of appellants by not providing them with a preliminary hearing.

■ We note that, in the case of a parolee who is convicted of a crime committed while on parole and who is serving a new sentence in an institution, the Commission shall review a detainer lodged against the parolee within 180 days of notice to the Commission that a parole violation warrant has been lodged as a detainer. *See* 18 U.S.C. § 4214(b)(1). However, this requirement is distinct from the requirement for a preliminary hearing, *see id.* § 4214(a)(1), and is not at issue in this appeal. Nor need we address appellants' citation of the Commission's Rules and Procedures Manual 2.48–09 in support of their claim of a right

to a preliminary hearing since the Commission's internal procedures manual does not create a due process right in a parolee. *Lynch v. United States Parole Comm'n,* 768 F.2d 491, 497 (2d Cir.1985).

### 2. *Lack of Jurisdiction upon Expiration of Parole*

Appellant Stabile claims that the Commission had no jurisdiction to supplement his parole violation warrant after his parole term had expired. He argues that, because the information about his conviction had been added to the warrant when the Commission lacked jurisdiction over him, that information was improperly before the Commission when it revoked his parole and ordered the forfeiture of his street time. We do not agree.

Stabile relies on a line of cases which initially appear to support his position. In *Toomey v. Young,* 442 F.Supp. 387 (D.Conn.1977), *modified,* 449 F.Supp. 336 (D.Conn.1978), *aff'd mem.,* 589 F.2d 123 (2d Cir.1979), and *Booze v. Thomas,* 500 F.Supp. 327 (S.D.N.Y.1980), the district courts held that the Commission had improperly supplemented the petitioners' parole violation warrants, after their paroles had ended, to indicate new convictions for events that occurred during parole. However, there is a crucial difference between Stabile's case and the cited cases. In the latter cases, the Commission did not use the warrant supplement merely to indicate the disposition of the charges listed in the original warrant, as it did in Stabile's case; rather, it used the supplement to add entirely new charges to the list of charges in the original warrant. *See Booze,* 500 F.Supp. at 329; *Toomey,* 442 F.Supp. at 389, 392. The untimely supplements represented the Commission's first attempts in those cases to use the new charges as the bases for parole violations. In *Booze,* the supplemental charge of unlawful weapons possession in New York was unrelated to the charges of theft, assault, weapons possession in Texas, and various failures to

---

**7.** Section 4213(d) provides that any federal officer to whom a parole violation warrant is issued "shall execute such warrant by taking such pa-

rolee and returning him to the custody of the regional commissioner."

make monthly reports, to report a change in residence, and to work regularly, which were contained in the original warrant. In *Toomey*, the supplemental federal charges of embezzlement had no connection to the various state charges or to the charges of failure to submit supervision reports, and failure to report an arrest, which were contained in the original warrant. In another case cited by Stabile, *Baker v. Turnbo*, 553 F.Supp. 53 (N.D.Cal.1982), though the facts are not stated therein, the court's reliance on *Booze* and *Toomey* suggests that the facts of *Baker* are similar.

■ In Stabile's case, however, the warrant supplement contained no new charges. It merely stated that Stabile had been convicted of the charges already set forth in the original warrant. Thus, this is not a case in which the Commission is attempting to introduce new acts, after the expiration of parole, in order to use them as a basis for a parole violation. Rather, this is a case in which the Commission is updating the warrant by setting forth the fact that the earlier enumerated charges listed in the original warrant, which was issued while Stabile was on parole, had led to convictions. In our view, the cases cited by Stabile are therefore inapposite. Stabile does not dispute that the original warrant was validly issued on the basis of his arrest. A supplement to a lawfully issued parole violation warrant "is not prohibited when it merely records the disposition of proceedings related to the very conduct that gave rise to the warrant itself." *Rhodes v. United States Parole Comm'n*, 456 F.Supp. 17, 22 (D.Conn.1977). The supplement to Stabile's warrant merely recorded his guilty plea and sentencing on the charges that gave rise to the warrant. Consequently, we conclude that the Commission had jurisdiction to supplement Stabile's warrant and that his conviction was properly before the Commission when it decided to revoke his parole and ordered the forfeiture of his street time credits.

### 3. *Lack of Service and Notice*

The appellants contend that the Commission violated their due process rights by failing 1) to serve them prior to their parole revocation hearings with copies of their parole violation warrants and to give them notice of the charges forming the basis for the hearings; and 2) to notify them prior to their release on parole that a new conviction while on parole would result in forfeiture of their street time. Because these claims are closely related, we consider them together.

■ It is well-established that written notice is a minimum requirement for due process. *Morrissey*, 408 U.S. at 489, 92 S.Ct. at 2604; *United States ex rel. Carson v. Taylor*, 540 F.2d 1156, 1159 (2d Cir.1976); *see also* 18 U.S.C. §§ 4213(c), 4214(a)(2), 4214(b)(1). Due process requires notice in order to give a parolee an opportunity to contest or explain matters relating to the charged offense. *See Taylor*, 540 F.2d at 1159. However, failure to provide written notice, by itself, is insufficient to justify habeas relief; appellants must demonstrate that they were prejudiced by the claimed infringement of their procedural rights. *See Heath v. United States Parole Comm'n*, 788 F.2d 85, 89 (2d Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 443, 93 L.Ed.2d 391 (1986). In this case, appellants have failed to show prejudice.

■ As previously indicated, the Commission held joint dispositional hearings for each appellant to consider whether his original parole should be revoked and when he should receive parole on his new sentence. Though appellants claim that they received no notice of the charges to be considered at their parole *revocation* hearings, they do not claim a lack of notice of the charges to be considered at the *initial* parole hearings to determine parole release with respect to their new offenses. Nor do appellants contest the Commission's determinations as to parole release with respect to their new sentences. Hence, we may reasonably presume that appellants had notice of and the opportunity to present evidence of any mitigating circumstances they possessed apropos the charges considered by the Commission in determining parole release on their new sentences. Yet, any mitigating circumstances relevant to the parole *re-*

*lease* determinations with respect to the new offenses would have been, in all likelihood, the same mitigating circumstances relevant to the parole *revocation* determinations, because the same offenses—appellants' new convictions—were the bases for both hearings. Consequently, notice of one hearing allowed the appellants the opportunity to present defenses to the charges considered at both hearings. Even if appellants did not present fully any mitigating factors—and we note that they fail to allege any mitigating information on appeal —they had the opportunity to do so at regional and review levels and thus their rights were sufficiently protected. *See Butler v. United States Parole Comm'n,* 570 F.Supp. 67, 74 (M.D.Pa.1983); *see also* 28 C.F.R. § 2.28 (reopening of cases). On the facts presented herein, for due process purposes, notice of one hearing was adequate for notice of the other, even without service of the warrants.

Appellants rely on *Vanes v. United States Parole Comm'n,* 741 F.2d 1197 (9th Cir.1984), as support for their lack of notice claims. *Vanes* is distinguishable, however, because the petitioner therein had no notice of the charge to be considered at his hearing and had no opportunity to present mitigating evidence in his defense. Here, appellants had adequate notice of the charges to be considered at their hearings and had sufficient opportunity to present evidence that would mitigate the seriousness of their offenses, such that they were not prejudiced by any failure to receive copies of the warrants.

■ Appellants' final contention, that the Commission must give parolees prior notice that forfeiture of street time results from a new conviction on parole, was recently rejected by this Court. *See Miller v. Hadden,* 811 F.2d 743, 747 (2d Cir.1987). In *Miller,* this Court held that the parolee was accorded due process when he received prior notice of the charges and the factual basis for the charges to be considered at his revocation hearing. The Court noted that a published regulation of the Commission, *see* 28 C.F.R. § 2.52(c)(2), required the forfeiture of street time by a parolee con-

victed of a crime committed while on parole which is punishable by a term of imprisonment. *See Miller,* 811 F.2d at 747. As discussed above, appellants received adequate notice of the charges to be considered at their revocation hearings. Because appellants stand convicted of crimes committed while on parole which are punishable by terms of imprisonment, the Commission properly ordered the forfeiture of their street time. *See id.* at 747; *see also Gandy v. Keohane,* 617 F.Supp. 25, 27 (W.D.Tenn.1985).

### 4. *Consecutive Terms*

Appellant Stabile, quoting the texts of 28 C.F.R. §§ 2.21(c) and 2.47(e)(1), claims that the Commission violated federal reparole guidelines by requiring the parole violation terms to be commenced following his release on parole or mandatory release on the new sentence. In essence, he asserts that the terms must be concurrent since the federal reparole guidelines give credit for time spent in federal confinement. We disagree.

■ Stabile misapprehends the federal reparole guidelines. The "reparole consideration" regulations cited by Stabile are inapposite because they relate to the parole release determination by the Commission with respect to a parole violator's *new* sentence. *See* 28 C.F.R. §§ 2.21(c), 2.47(e)(1). Here, Stabile challenges the Commission's determination of the term remaining on his *original* sentence which he must serve as a result of his parole violation ("violator term"). Section 2.21(c) specifically states that "[t]ime served on a new state or federal sentence shall be counted as time in custody for reparole guideline purposes," but that "[t]his does not affect the computation of the expiration date of the violator term as provided by §§ 2.47(d) and 2.52(c) and (d)." *See also Bowen v. United States Parole Comm'n,* 805 F.2d 885, 888 (9th Cir.1986) (petitioner's claim that the Commission failed to credit him with time spent on his new sentence in determining his violator term "indicates his misunderstanding of the regulations."). In addition, this Court recently rejected a contention similar

to Stabile's in *Heath v. United States Parole Comm'n*, 788 F.2d 85. In *Heath*, we concluded that 18 U.S.C. § 4210(b)(2) plainly authorizes the Commission to decide "whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed" when a parolee has been convicted of a crime punishable by imprisonment. *Id.* at 91. Since Stabile was convicted of a crime punishable by imprisonment, the Commission acted within its statutory authority in determining when the parole violation term should commence. Stabile has failed to show that the parole violation term imposed was beyond the Commission's statutory and regulatory authority and, therefore, this claim is rejected.

We affirm the rulings of the district court.

JON O. NEWMAN, Circuit Judge, concurring:

I concur in all of Judge Pierce's thorough opinion except the portion concerning appellants' claimed right to a preliminary hearing in connection with revocation of parole. On that issue, I would reject the claim solely on the ground that the convictions for the new offenses committed while on parole conclusively established probable cause for parole revocation. *See* 18 U.S.C. § 4214(b)(1) (1982). Though the convictions of the appellants for new offenses did not establish probable cause during the intervals between the issuance of the parole violation warrants and the dates of the convictions, those intervals were no more than two months, and during such intervals each appellant was in custody on the new charges. In the circumstances of this case, I agree with Judge Pierce's conclusion that neither the Due Process Clause nor the parole statute required a hearing during the brief intervals before the convictions on the new offenses. Whether a preliminary hearing for parole revocation would be required for a person in federal custody on new charges after lapse of an inordinate amount of time, notwithstanding the lack of formal execution of a parole revocation warrant lodged as a detainer, is an issue not presented by this appeal.