An appropriate order shall accompany this memorandum.

## ORDER

In accordance with the memorandum filed this date and incorporated herein,

IT IS HEREBY ORDERED that defendants' motion to dismiss is granted and plaintiffs' complaint against defendants is dismissed.

IT IS FURTHER ORDERED that plaintiffs' motion for the appointment of counsel is denied as moot.

**Joseph M. TRITICO, Plaintiff,**

v.

**UNITED STATES PAROLE COMMISSION, Defendant.**

**No. 90–0445–CV–W–9.**

United States District Court, W.D. Missouri, W.D.

Jan. 9, 1991.

 

Joseph M. Tritico, pro se.

Alleen S. Castellani, U.S. Attorney's Office, Kansas City, Mo., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT

BARTLETT, District Judge.

On June 4, 1990, Joseph M. Tritico, representing himself, filed a Petition for Preliminary Injunction and Temporary Restraining Order. Tritico does not set forth a jurisdictional basis for his Petition. However, jurisdiction exists under 28 U.S.C. § 1331 because his Petition involves a federal question.

Plaintiff is a former federal prisoner who was released from custody at the Federal Correctional Institution, Bastrop, Texas. Plaintiff attaches to his Petition his Certificate of Mandatory Release. This document shows that his release date was determined by crediting him with 716 days of "good time" as a deduction from the days he otherwise would have served before the end of his sentence. Plaintiff refused to sign the Certificate of Mandatory Release and argues that he had satisfied the maximum term of his sentence when he was discharged from confinement under the mandatory release and that he now should not be subject to the jurisdiction of the United States Parole Commission.

Plaintiff argues that he has an "entitlement" to his good time credit and that he also is entitled to have the good time credit reduce the term of his sentence, not simply the length of his incarceration.

Plaintiff herein is not on parole. He was directed by the Commission to stay in confinement until the expiration of his term of sentence. He has fully complied with this direction and therefore upon his release or discharge from prison, his maximum term or terms for which he was sentenced expired.

Plaintiff requests

a ruling by this Court that when plaintiff was discharged from confinement, pursuant to Title 18, U.S.C. § 4163, he had

satisfied the maximum term or terms of his sentence, and was then no longer subject to the jurisdiction of the United States Parole Commission or any conditions, limitations, or restrictions sought to be exercised by it.

Plaintiff also seeks an order enjoining the United States Parole Commission from "further Restraints upon the Petitioner, such as Conditions of Parole," until after the court makes its determination.

On July 17, 1990, defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Defendant refers to a document outside the pleadings, the Certificate of Mandatory Release, in its motion. Rule 12(b), Federal Rules of Civil Procedure, provides in part that

if, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one of summary judgment and disposed of as provided in Rule 56 and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Because I considered the Certificate of Mandatory Release in my determination of this matter, defendant's Motion to Dismiss will be treated as a Motion for Summary Judgment. Plaintiff will not be given the opportunity to present additional factual material because the Certificate of Mandatory Release is the only document needed to rule on defendant's motion.

*Standard for Summary Judgment*

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, it is the court's obligation to view the facts in the light most favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Inland Oil and Transport Co. v. United States*, 600 F.2d 725, 727–28 (8th Cir.), *cert. denied*, 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979).

If there is no genuine issue about any material fact, summary judgment is proper because it avoids needless and costly litigation and promotes judicial efficiency. *Roberts v. Browning*, 610 F.2d 528, 531 (8th Cir.1979); *United States v. Porter*, 581 F.2d 698, 703 (8th Cir.1978). The summary judgment procedure is not a "disfavored procedural shortcut." Rather, it is "an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986); *see also City of Mt. Pleasant v. Associated Electric Cooperative, Inc.*, 838 F.2d 268, 273 (8th Cir.1988). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish that there is a genuine issue for trial about an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 106 S.Ct. at 2553.

■ The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the *absence* of genuine issues of material fact. However, the moving party *is not required* to support its motion with affidavits or other similar materials *negating* the opponent's claim. *Id.* (emphasis added).

■ The nonmoving party is then required to go beyond the pleadings and by affidavits, depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Id.* A party opposing a properly supported motion for summary judgment cannot simply rest on allegations and denials in his pleading to get to a jury without any significant probative evidence tending to support the complaint.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The evidence favoring the nonmoving party must be more than "merely colorable." *Id.* 106 S.Ct. at 2511. When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (footnote omitted).

■ The inquiry to be made mirrors the standard for a directed verdict: whether the evidence presented by the party with the onus of proof is sufficient that a jury could properly proceed to return a verdict for that party. *Id.* Essentially, the question in ruling on a motion for summary judgment and on a motion for directed verdict is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 106 S.Ct. at 2512.

### Discussion

Title 18 U.S.C. § 4163 provides in part: "Except as hereinafter provided, a prisoner shall be released at the expiration of his term of sentence less the time deducted for good conduct. A certificate of such deduction shall be entered on the commitment by the warden or keeper...." Title 18 U.S.C. § 4164 provides in part: "A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less 180 days."

The Eighth Circuit Court of Appeals has held that §§ 4163 and 4164 must be read together. *Williams v. Ciccone*, 415 F.2d 331, 332 (8th Cir.1969). Release under § 4163 is mandatory but it is not unconditional.

Sections 4161 and 4162, in conjunction with §§ 4163 and 4164, simply provide a means by which it is possible for a prisoner to achieve a different form or mode or effecting service of part of the term or terms of sentence existing against him, when his accumulation of good time has reached the point where it is entitled to become effective in conditional release.

But the right of a prisoner to make such a substituted form of sentence-service is conditional and not absolute. The prisoner cannot engage in any legal or moral misconduct while he is on conditional release. And for any such misconduct in which he may engage, while on conditional release, up until the last 180 days of his maximum term or terms of sentence are reached, he is subject to being retaken into custody by Board warrant; having all of his previously earned good time forfeited; and being required to take up the prison-service of his sentence at the point where this had been left off when he was conditionally released.

*Id.* (quoting *Sprouse v. Settle*, 274 F.2d 681, 683–84 (8th Cir.1960) (citations omitted).

Moreover, Tritico's Certificate of Mandatory Release specifies that his release is conditional.

Said person was released by the undersigned according to Title 18, U.S.C. § 4163. *Upon release the above-named person is to remain under the jurisdiction of the United States Parole Commission, as if on parole* as provided in Title 18 U.S.C. § 4164, as amended under the conditions set forth on the reverse side of the certificate, and is subject to such conditions until expiration of the maximum term, or terms of sentence, less 180 days....

(Emphasis added.)

■ No genuine issue of material fact exists regarding the nature of Tritico's release. Tritico is not entitled to an unconditional release. The fact that he must remain under the jurisdiction of the United States Parole Commission is not a due process violation. In *Williams v. Ciccone*, 415 F.2d at 333, the Eighth Circuit Court of

Appeals stated: "Williams is mistaken when he seeks to draw a distinction between a mandatory release and the conditional release referred to in some of the cases. A release may be mandatory under § 4163 but, under § 4164, it remains conditional for the period therein specified." (Citations omitted.)

Accordingly, it is hereby ORDERED that:

1) summary judgment is granted in favor of defendant on plaintiff's claim that his release is unconditional; and

2) plaintiff's Petition for Preliminary Injunction and Temporary Restraining Order is denied.