**Douglas LaCHANCE, Petitioner–Appellant,**

v.

**Janet RENO, in her Capacity as Attorney General of the United States, and the United States Parole Commission, Respondents–Appellees.**

No. 560, Docket 93–2438.

United States Court of Appeals, Second Circuit.

Argued Nov. 9, 1993.

Decided Jan. 7, 1994.

Kenneth A. Caruso, New York City (Andrew W. Feinberg, John Gueli, Shearman & Sterling, New York City, on the brief), for petitioner-appellant.

Allan N. Taffet, Asst. U.S. Atty., (Mary Jo White, U.S. Atty., Gabriel W. Gorenstein, Asst. U.S. Atty., New York City, on the brief), for respondents-appellees.

Before: NEWMAN, Chief Judge, CARDAMONE and GOODWIN,* Circuit Judges.

GOODWIN, Circuit Judge:

Douglas LaChance appeals from the judgment of the District Court for the Southern District of New York (Louis L. Stanton, Judge) denying his petition for a writ of habeas corpus. 824 F.Supp. 29. The District Court held that the United States Parole Commission had authority to extend LaChance's custodial time by ordering forfeiture of his seven years of "street time" (his time served on parole) because of his violation of the terms of his parole. We affirm.

In May 1980, LaChance, a *New York Times* delivery truck driver who was then President of the Newspaper and Mail Deliverers' Union, was convicted of extortion, federal income tax evasion, and racketeering. He was sentenced to 12 years in prison, and began serving his sentence in 1981. After serving nearly five years, LaChance was released from custody to begin a term of parole on December 20, 1985.

In late 1992, with just three months of his 12–year term remaining, the Parole Commission found, after a parole revocation hearing, that LaChance had used cocaine and committed other parole violations. The Commission revoked his parole, ordered his street time of seven years forfeited, and ordered him to prison with anticipated reparole after eight months, to be followed by parole supervision with a special drug aftercare condition.

The Commission based its action on LaChance's 1988 conviction on state charges of careless driving and refusing to submit to a breathalyzer test. In that case, LaChance faced a maximum jail term of 15 days on the careless driving charge, but received no custodial sentence. He was fined $250 for careless driving and $50 for refusing the breathalyzer test. The Parole Commission did not revoke LaChance's parole immediately following the 1988 conviction, but did issue a "Letter of Reprimand," which warned him that "continued disrespect and non-compliance with your conditions of release will result in your arrest and your return to federal custody."

LaChance now makes a "jury" argument that the Parole Commission waited until the eve of the expiration of his sentence, when he had served 11 years and nine months (98 percent) of his 12–year term, to announce

* The Honorable Alfred T. Goodwin of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

that seven years spent on parole was forfeited due to a four-year-old careless driving conviction. He fails to mention, however, that the parole officers had become aware that LaChance had been deceiving them for years about his continued substance abuse problem. Even as late as February 1992, upon questioning by his parole officer, LaChance denied any personal use of cocaine. As the District Court noted, "Had Mr. LaChance's (even then long-standing) abuse of cocaine been known to the Commission at the time of the 1988 conviction, the Commission could have revoked his parole then.... It was deprived of its ability to respond flexibly and knowledgeably by Mr. LaChance's continuing concealment of the facts."

In any event, this appeal does not turn on the equities of the particular parolee, but on the legal question whether the Commission's actions exceeded its authority and violated due process. The Parole Commission relies on a federal regulation as authority for its ability to compel forfeiture of Appellant's time served on parole. In pertinent part, 28 C.F.R. § 2.52(c)(2) (1993) provides that:

> (c) A parolee whose release is revoked by the Commission will receive credit on service of his sentence for time spent under supervision, except as provided below:
>
> ....
>
> (2) It is the Commission's interpretation of 18 U.S.C. 4210(b)(2) that, if a parolee has been convicted of a new offense committed subsequent to his release on parole, which is punishable by any term of imprisonment, detention, or incarceration in any penal facility, forfeiture of time from the date of such release to the date of execution of the warrant is an automatic statutory penalty, and such time shall not be credited to the service of the sentence. *An actual term of confinement or imprisonment need not have been imposed for such conviction;* it suffices that the statute under which the parolee was convicted permits the trial court to impose any term of confinement or imprisonment in any penal facility.... (emphasis added)

LaChance contends that this regulation exceeds the power of the Commission in interpreting the statute. He points out that the statute, 18 U.S.C. § 4210(b)(2) (1988), merely authorizes the Commission to "determine ... whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the *sentence imposed* for the new offense" (emphasis added). He argues that his careless driving offense cannot serve as the basis for forfeiture of his street time under the literal terms of the statute because no sentence of imprisonment was imposed on him for the offense, even though it was "punishable by a term of imprisonment."

Although we have not previously encountered this precise argument, it was rejected by the Seventh Circuit in *United States ex rel. Del Genio v. U.S. Bureau of Prisons*, 644 F.2d 585, 588 (7th Cir.1980), *cert. denied*, 449 U.S. 1084, 101 S.Ct. 870, 66 L.Ed.2d 808 (1981). The Court in *Del Genio* first noted that section 4210(b)(2) is ambiguous. While the portion quoted by the petitioner refers to "the *sentence imposed* for the new offense," the opening clause of subparagraph (b)(2) indicates that the Parole Commission may impose forfeiture of street time upon "a parolee who has been convicted of any criminal offense ... *punishable* by a term of imprisonment...." 18 U.S.C. § 4210(b)(2) (emphasis added). Where we are presented with such ambiguity in a statute, we must defer to the Parole Commission's reasonable interpretation. *See Del Genio*, 644 F.2d at 588 (noting that if a statute is ambiguous, it is "appropriate to give some deference to the agency charged with interpreting the Act.").

This treatment accords with our avowal that "under the Parole Act, the Parole Commission is given broad latitude ... to implement the parole statutes." *Weeks v. Quinlan*, 838 F.2d 41, 44 (2d Cir.1988). In *Weeks*, we said that if a statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute. "The cases teach that an agency's interpretation of a statute need not be the only reasonable one, or even the one the court would have adopted if the question had initially arisen in a judicial proceeding.... Indeed, for the agency inter-

pretation to be accepted, it need only be shown that it is 'sufficiently reasonable.'" *Id.* (citing *Federal Election Comm'n v. Democratic Senatorial Campaign Comm'n,* 454 U.S. 27, 39, 102 S.Ct. 38, 46, 70 L.Ed.2d 23 (1981)).

The Parole Commission's interpretation of the statute to mean that forfeiture may be imposed for an imprisonable offense, even where no sentence of imprisonment has been imposed, is not only "sufficiently reasonable," but consistent with the intent of Congress. The conference committee report on section 4210(b) stated:

> The phrase "punishable by a term of imprisonment, detention or incarceration in a penal facility" is intended by the Conferees to mean any term of confinement which may be levied upon adjudication of guilt or delinquency and does not include detention prior to adjudication. For example, a person convicted of any offense punishable by even one day of imprisonment would not automatically receive credit toward service of his sentence, *even if no sentence of imprisonment was imposed.*

H.R.Rep. No. 94–838, 94th Cong., 2d Sess. 32 (1976), *reprinted in* 1976 U.S.C.C.A.N. 335, 364 (emphasis added). The conference committee's hypothetical, indicating that forfeiture is permissible even where no sentence of confinement has been imposed for an imprisonable offense, is precisely the situation presented in the case at bar. Because the Parole Commission has discretion to determine "whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively" with the new sentence, the Commission has de facto authority to decide whether to compel forfeiture. The Parole Commission therefore acted within its discretion by ordering the petitioner to forfeit his street time, even though no new sentence of confinement was imposed for the imprisonable offense of careless driving.

Our decision today upholding 28 C.F.R. § 2.52(c)(2) is not only consistent with the Seventh Circuit's holding in *Del Genio,* but also with our own precedents and those of other courts. This Circuit has twice cited 28 C.F.R. § 2.52(c)(2) with approval. *See* *D'Amato v. U.S. Parole Comm'n,* 837 F.2d 72, 78 (2d Cir.1988); *Miller v. Hadden,* 811 F.2d 743, 747 (2d Cir.1987). Other courts have also upheld the forfeiture of a parolee's street time following a conviction after release. *See Harris v. Day,* 649 F.2d 755, 758–60 (10th Cir.1981) (street time forfeitable under § 4210); *United States ex rel. Stanbridge v. Quinlan,* 595 F.Supp. 1145, 1148–50 (S.D.N.Y.1984) (street time forfeitable notwithstanding repeal of § 4205). The forfeiture of so-called street time in appropriate cases has grown up as a practice deemed essential by the Parole Commission to make the system work. Parole is a form of conditional release, with freedom contingent upon good behavior and a demonstrated effort to serve the rehabilitative purposes of parole. The courts have upheld the forfeiture of interim periods of conditional release when the condition has been broken.

Indeed, the petitioner's proposed reading of the statute could produce bizarre results if two persons on parole with substantially identical criminal histories were both convicted of the same new crime while on parole. One could receive a custodial sentence and the other could receive a fine or a sentence of community service. The first parolee would be subject to having his street time forfeited, and the second would not. To construe a statute to produce such a result would not advance the purposes of the parole system.

■ LaChance next argues that even if the Commission has the authority to extend his original maximum term by ordering forfeiture of his parole time, it lost that authority by failing to give him notice of the danger of forfeiture and waiting too long to act.

In *Miller v. Hadden,* 811 F.2d 743 (2d Cir.1987), we rejected a similar argument by a prisoner who claimed that he did not receive notice that revocation of his parole could result in forfeiture of street time. *Id.* at 744. The *Miller* Court found that a specific warning about street-time forfeiture was not required because the forfeiture provision in 28 C.F.R. § 2.52(c)(2) was part of a "published regulation." *Id.* at 747. The courts have not required renewed warning. A parolee is on constructive notice of the consequences of violation by the Parole Commis-

sion's published regulation. LaChance's notice argument does not entitle him to relief.

 Finally, LaChance argues that the Parole Commission was barred from relying on his careless driving conviction to revoke his street time because, he alleges, this conviction was not the basis of the parole revocation. We have ruled that "[a] conviction that is not the basis of a [parole] violation cannot be used to ... deny a parolee credit for the time spent on parole." *See Toomey v. Young,* 449 F.Supp. 336, 340 (D.Conn.1978), *aff'd on opinion of District Court,* 589 F.2d 123 (2d Cir.1979). The application for LaChance's parole revocation warrant listed "Driving while Intoxicated" and "Refusal to Submit a Breath test" as the specifications of the first charge of parole violation, whereas the "Careless Driving" charge was the only one that both resulted in a conviction and was punishable by imprisonment.

However, immediately under the two listed charges, the application recited that LaChance had pled guilty to "Careless Driving" and "Refusal to Submit a Breath Test." Since the "Careless Driving" charge was thus mentioned in the warrant application, was based on the same episode that had given rise to the listed charges, and was obviously substituted in the state court to afford LaChance the benefit of a plea bargain, we are satisfied that this charge was sufficiently the "basis" of the parole revocation within the meaning of *Toomey. See United States ex rel. Pihakis v. Thomas,* 488 F.Supp. 462, 465 (S.D.N.Y.1980) (distinguishing *Toomey* on ground that added charge in that case was unrelated to charge filed within supervision period).

The judgment of the District Court is affirmed.