William TOOMEY

v.

Anthony YOUNG, acting Warden, Federal Correctional Institution, Danbury, Connecticut, et al.

Civ. No. H–77–445.

United States District Court, D. Connecticut.

April 11, 1978.

---

Judith Resnik, New Haven, Conn., for petitioner.

Diana Garfield, Asst. U. S. Atty., New Haven, Conn., for respondents.

## RULING ON MOTION TO RECONSIDER

NEWMAN, District Judge.

The petitioner, formerly an inmate at F.C.I., Danbury, commenced this habeas

corpus action in August of 1977. The factual background of this case is fully set out in my prior ruling, 442 F.Supp. 387, and may be briefly summarized here. Petitioner was mandatorily released "as if on parole" pursuant to 18 U.S.C. § 4164 from a federal sentence on October 15, 1973. Approximately one year later, while petitioner was still under supervision, a violator warrant was issued charging petitioner with (1) failure to submit supervision reports, (2) four state charges arising from an arrest in Massachusetts, and (3) failure to report that arrest. Execution of the warrant was delayed pending the disposition of the state charges. Following the end of supervision, petitioner was arrested, convicted, and sentenced on federal embezzlement charges arising out of conduct that occurred during supervision. This federal conviction was added as a supplement to the violator warrant. In August of 1977 petitioner was scheduled for mandatory release from his federal embezzlement sentence, but was to be held in custody pending a decision on whether his parole from his prior federal sentence would be revoked. Because no revocation decision had been made as of the mandatory release date, and because petitioner raised a substantial challenge to the legality of revocation, this Court ordered petitioner released on bail pending the resolution of those issues. In an opinion filed December 9, 1977, I upheld petitioner's claim that the Parole Commission was without authority to supplement a warrant after the end of supervision. As to petitioner's claim arising from the delay between the issuance and execution of the original violator warrant, the petition was dismissed with leave to amend to include an allegation of actual prejudice arising from the delay. Petitioner has now filed an amended petition, and in the meantime the government has moved to reconsider the earlier decision insofar as it prohibits supplementing warrants after the end of supervision.

Turning first to the motion to reconsider, it is evident from the government's papers that they misconceive the import of my prior ruling. In order to understand the ruling, it is important to distinguish three separate determinations that must be made before a parolee or mandatory releasee accused of violating the conditions of parole is returned to custody. They are (1) whether the parolee committed a violation, (2) if so, whether parole should be revoked, and (3) if it is revoked, how much, if any, of the time spent under supervision should be credited to the parolee's sentence.

The distinction between the first two determinations is expressly recognized in the Commission's regulations which provide that "[t]he purpose of the revocation hearing shall be to determine whether the prisoner has violated the conditions of his release and, if so, whether his parole or mandatory release should be revoked or reinstated." 28 C.F.R. § 2.50(b). Similarly, 18 U.S.C. § 4214(d) provides that if the Commission finds that a parolee has violated a condition of parole, the Commission may do one of several things, including the revocation of parole. See 28 C.F.R. § 2.52(a). Thus, the decision to revoke is distinct from the determination of whether or not a parole violation has been committed.

The distinction is especially important in the instant case. The determination of whether a violation has occurred is essentially a factual determination as to whether allegations of misconduct are true or false. A decision as to whether parole should be revoked or not is a more complex, discretionary judgment. In ruling that the supplement to the warrant should be quashed, I held that the charges in the supplement could not be considered as a *basis of violation.* The ruling required the Commission to make the determination of whether or not parole had been violated solely on the basis of the charges contained in the original warrant, without considering the charge contained in the post-supervision supplement.

The ruling does not, however, purport to limit the information that the Commission may consider in deciding whether or not to revoke a parolee after a violation has been validly established. In determin-

ing whether or not to revoke a violator, the Commission has the right, indeed the duty, to consider a variety of material concerning a parolee's convictions and other parole violations. See 18 U.S.C. § 4214(d). Thus a post-supervision conviction may not be used to supplement a parole violator warrant as a *basis of violation*, but it may be considered in deciding whether or not to revoke.

■ With the prior ruling thus clarified, there is no merit in the government's motion for reconsideration. As pointed out in my prior opinion, a violator warrant cannot be issued for the first time after the end of supervision. 28 C.F.R. § 2.44(c). Neither the statute nor regulations authorize issuing violator warrants in the form of supplements after the end of supervision simply because a prior violator warrant was issued during supervision and was not executed until after the end of supervision. Of course nothing in this or the prior opinion precludes the Commission from supplementing a warrant with new charges of violation if such supplements are added during the supervision period. Such charges could be lodged as violator warrants in their own right, so there is no reason to prohibit supplementing an existing warrant in those circumstances. The distinction in that instance is one of form rather than substance.

■ In confirming the prior decision, however, a caveat should be added. The government's brief in support of reconsideration and the affidavit of a Commission official submitted in support of the motion dwell at length on the virtue of supplementing warrants as a means of providing notice to a parolee of what material will be considered by the Commission at a revocation hearing. Since the determination of whether there has been a violation and the decision whether or not to revoke are both made after the "revocation hearing," see 28 C.F.R. § 2.50(b), and because the revocation decision is no less significant than the determination of violation *vel non*, I agree that a parolee should be notified of allegations which may be relied on as the basis for a decision to revoke even though they

may not be considered as a basis for parole revocation. *Cf. United States ex rel. Carson v. Taylor*, 540 F.2d 1156, 1159–61 (2d Cir. 1976). Preferably, the notice of the revocation hearing should alert the parolee to the existence of such adverse material insofar as it is known to the Commission at the time the notice is sent. At a minimum the parolee should be confronted with such material at the hearing and given an opportunity to explain. In some circumstances, if the parolee learns of the allegation for the first time at the hearing, fairness may require a brief continuance to permit opportunity for inquiry and explanation.

■ If a parolee is found to have violated the conditions of his parole, and if the Commission decides to revoke his parole, a third issue must be considered: how much, if any, of the time spent under supervision should be credited towards the parolee's sentence. The regulations of the Commission provide that "[a] parolee whose release is revoked by the Commission will receive credit on service of his sentence for time spent under supervision, except as provided below . . . ." 28 C.F.R. § 2.52(c). The first proviso specifies that if the parolee refuses or fails to respond to any reasonable order of the Commission, the Commission may order forfeiture of the time during which the parolee refused or failed to respond. § 2.52(c)(1).

The second proviso, more important for this case, specifies in part that "[i]f the parolee has been convicted of a new offense committed subsequent to his release on parole, which is punishable by a term of imprisonment, forfeiture of the time from the date of such release to the date of execution of the warrant shall be ordered, and such time shall not be credited to service of the sentence." § 2.52(c)(2).

In a simple case, where violation and revocation are based on the same conduct, this scheme creates three possible results on the issue of credit. If the parolee's misconduct results in a conviction, the parolee will receive no credit for the time spent on parole. If the parolee refused to obey a Commission order, no credit will be given

for the time of such refusal. If the conduct was anything else, the parolee will receive full credit for the time spent on parole. In this last instance, if the decision to revoke is not made until after supervision has ended, revocation will not result in reincarceration since the parolee will receive credit for all the time spent under supervision.

The instant case is more problematic, however. As noted above, conviction after the end of supervision may not be considered as a basis of violation, but may be considered in making the revocation decision. Thus, in applying the regulation giving credit for time spent on supervision, it must be determined whether the proviso denying credit in the event of a conviction applies only when the conviction is the basis of violation or if it also applies to a conviction considered only in the revocation decision. Although it is by no means self-evident from the statute or regulations, I conclude that the determination of whether or not to give credit for time spent under supervision should be made with reference only to the basis of violation, not the entire record considered on revocation.

As decided in the prior opinion, and confirmed above, charges of which the Commission is made aware for the first time after supervision may not be the basis of a parole violation—even when there is a yet unexecuted warrant issued within the supervision period. If this rule is to be meaningful, the post-supervision conviction, which cannot be the basis of a violation, must not be used to invoke the conviction proviso of the credit regulation. Using the conviction that way would indirectly achieve the same result as would obtain had the conviction been the basis of the violation. It would allow the Commission to revoke the full time spent on supervision even though the parole was violated by a minor infraction.

Such a result is also inconsistent with a fair construction of the statute and regulations. The statute provides that "the jurisdiction of the Commission over the parolee shall terminate no later than the date of the expiration of the maximum term or terms for which he was sentenced" and then lists conviction as an exception. 18 U.S.C. § 4210(b). Similarly, the regulation makes awarding credit the general rule and denying it on the basis of a conviction an exception. 28 C.F.R. § 2.52(c). Therefore, it appears that there is a presumption credit will be given, and that it will be denied only if the facts come within one of the specified exceptions. Since the Congress by statute, and the Commission by regulation, have explicitly delineated the scope of the exceptions, they should not be further extended by judicial implication. A conviction that is not the basis of violation cannot be used to invoke the "conviction exception" and deny a parolee credit for the time spent on parole.

In the present case, the only available basis for violation is the original violator warrant and the charges contained therein. The warrant contains charges of violating state law, but the state has since dismissed the criminal proceedings. Thus, no charge contained in the warrant resulted in a conviction. Nor does the warrant charge a refusal or failure to respond to "any reasonable request, order, summons or warrant of the Commission," 28 C.F.R. § 2.52(c)(1), which would invoke the other exception to receiving credit for time spent on parole. Although it may be argued that petitioner's failure to file supervision reports and to report his arrest constitute a failure to obey a Commission "order" insofar as he was required to do those things as a condition of parole, such a broad reading of "order" would cause the exception to swallow the rule. A more reasonable reading of the exception is that it applies to a parolee who disregards a "request, order, summons or warrant" directed at him specifically, and not merely a general requirement of parole supervision. Because neither of the exceptions to awarding credit applies, petitioner must receive credit for all the time spent under supervision. Petitioner has already completed his supervision and therefore is entitled to credit for that full period.

To summarize, therefore, the only available basis for the Commission to find a parole violation is the original warrant and the charges it contains. If a violation were found, the Commission could consider the post-supervision conviction in deciding whether or not to revoke the petitioner. If the decision were made to revoke petitioner, however, petitioner could not be reincarcerated since he must be given credit for the full period of time he spent under supervision.

Therefore, as to the federal sentence at issue here—the sentence which petitioner began serving in August, 1970—petitioner cannot lawfully be reincarcerated and the writ of habeas corpus will issue discharging him from the custody of that sentence.[1] This disposition renders moot the claims in petitioner's amended petition.

---

1. Of course this decision does not affect the federal sentence on embezzlement charges which petitioner began serving December 5, 1975, and from which he was mandatorily released on August 1, 1977.