William H. BOOZE, IV, Petitioner,

v.

Warden Dale THOMAS, Respondent.

No. 80 Civ. 3877 (JMC).

United States District Court,
S. D. New York.

July 18, 1980.

---

John J. Hayden, Goshen, N. Y., for petitioner.

John S. Martin, Jr., U. S. Atty., S. D. New York by Twila L. Perry, Asst. U. S. Atty., New York City, for respondent.

## MEMORANDUM AND ORDER

CANNELLA, District Judge:

Application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is granted on the conditions stated in this Memorandum and Order.

## FACTS

In 1973, petitioner was convicted of interstate transportation of forged securities, 18 U.S.C. § 2314, on separate indictments in the United States District Court for the Eastern District of Oklahoma, and in the United States District Court for the Western District of Oklahoma. On April 5, 1973, he was sentenced in the Western District of Oklahoma as a regular adult offender to four years' imprisonment. Then, on August 1, 1973, he was sentenced in the Eastern District of Oklahoma also as a regular adult offender to an additional two-year term to run consecutively to the four-year term imposed in the Western District.[1] Petitioner began serving his sentence on April 18, 1974. Thus, the full term of the combined sentences was due to expire on April 17, 1980.[2]

On January 12, 1979, petitioner was discharged from federal custody pursuant to the mandatory release provisions of 18 U.S.C. § 4163. Pursuant to 18 U.S.C. § 4164, therefore, his release was deemed to be "as if . . . on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days," which means in petitioner's case, until October 20, 1979.[3]

On April 2, 1979, the United States Parole Commission [the "Commission"] issued a mandatory release violator warrant charging the petitioner with theft of services, theft, and failure to submit a monthly supervision report as required by the terms of his release.[4] On June 1, 1979, the Commission supplemented this warrant by adding the following charges: failure to work regularly; assault with bodily injury and reckless conduct; unauthorized possession of a firearm in May 1979 in Bowie County, Texas; and failure to report a change in residence.[5]

In the meantime, the petitioner had apparently come to New York for the purpose, he claims, of getting married. Shortly thereafter, he was arrested and charged with criminal possession of a weapon. On June 20, 1979, the Commission lodged the mandatory release violator warrant against him as a detainer with the appropriate state authorities.[6] Petitioner then pleaded guilty to the state charge, and was sentenced on August 30, 1979, by the Rockland County

1. Affidavit of Shelley L. Witenstein, Case Analyst, United States Parole Commission, In Opposition to Petition for a Writ of Habeas Corpus, Exhibit A (filed July 16, 1980) [hereinafter cited as "Commission Affidavit"].

2. *Id.*

3. *Id.*, Exhibit B.

4. *Id.*, Exhibits C, D.

5. *Id.*, foll. Exhibit D.

6. *Id.*, Exhibit E.

Court, to a term of imprisonment of two-to-four years, as a predicate felon.[7] The Parole Commission eventually issued a supplement to its April 2, 1979 mandatory release violator warrant to include charges pertaining to petitioner's possession of a weapon in New York, but not until November 8, 1979,[8] which was 18 days after the original termination date of his status as a mandatory releasee "as if on parole." Thereafter, the petitioner, who had earlier been notified of the Parole Commission's pending dispositional review of the detainer lodged against him,[9] furnished the Commission with information in connection with that review, but waived the assistance of an attorney.[10] On December 3, 1979, the Commission informed him that it had decided to leave the detainer on file.[11]

On June 25, 1980, petitioner again appeared before the Rockland County Court, on an application for resentencing. The attorney for the state expressly consented to the resentencing, and withdrew its claim that the petitioner had previously been convicted of a felony. The court then resentenced the petitioner to a one-year term of imprisonment, which it noted the petitioner had already served.[12]

Petitioner was not released outright, however, but rather was turned over to the custody of the United States Marhsal pursuant to the mandatory release violator warrant that had been lodged against him as a detainer. Petitioner then brought on the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court held a hearing on the application on July 17, 1980, in which the petitioner personally participated with the assistance of his privately retained counsel. This Memorandum now constitutes the Court's findings of fact and conclusions of law.

## DISCUSSION

Petitioner appears to assert three grounds for the relief he seeks. *First,* he claims that he owes no time on his 1973 federal convictions. *Second,* he contends that the Rockland County Court in effect vacated his conviction for criminal possession of a weapon on June 25, 1980. *Third,* he objects in any event to the Commission's using that conviction as a basis for finding a violation of his mandatory release on his federal sentence, because no violator warrant pertaining to it had been filed before the expiration of his release supervision period.

■ As to petitioner's first claim, the Commission is authorized by statute to revoke petitioner's release for a violation of any of its conditions. *See* 18 U.S.C. § 4214(d)(5). Such a revocation could also include a forfeiture of his good time credit and any time spent on conditional release. *See, e. g., Lambert v. Warden,* 591 F.2d 4, 8 (5th Cir. 1979). Thus, whether petitioner owes any time on his federal sentence depends upon whether the Commission decides that he has violated his release conditions, and whether it decides to revoke his release.

Petitioner's second claim, to which most of his counsel's time at the hearing was devoted, has little basis in fact. The very transcript of the proceedings in the Rockland County Court, which petitioner himself introduced into evidence, makes it clear that the Court vacated neither his conviction nor his sentence, but merely resentenced him with the state's consent that he not be considered a predicate felon.[13]

Petitioner's third claim, however, is much more problematic. In two reported deci-

---

7. Petitioner's Exhibit 2, at 2-3 (Transcript of Proceedings before Rockland County Court on Indictment No. 79-142, August 30, 1979).

8. Commission Affidavit, *supra,* foll. Exhibit D.

9. *Id.,* Exhibit F.

10. *Id.*

11. *Id.,* Exhibit J.

12. Petitioner's Exhibit 1 (Transcript of Proceedings before Rockland County Court, denominated "Resentence—Indictment No. 79-142," June 25, 1980).

13. The pertinent portions of the transcript are as follows:

THE COURT: In other words, now the District Attorney is withdrawing any claim that this defendant had a prior felony conviction.

sions in *Toomey v. Young*,[14] then District Judge Newman held that the Parole Commission is powerless to supplement a mandatory release violator warrant after the release supervision period expires, even if the supplemental charges pertain to events that occurred before the expiration. In the second of these decisions, which was on the Commission's motion to reconsider, Judge Newman clarified that charges in such an untimely supplement to a timely warrant "could not be considered as a *basis of violation*," but could properly be considered "in deciding whether or not to revoke a parolee after a violation has been validly established." 449 F.Supp. at 338. The Court of Appeals for the Second Circuit subsequently affirmed on the basis of these two reported decisions. 589 F.2d 123 (2d Cir. 1979).

The *Toomey* case does not end the inquiry, however, since Judge Newman's decisions are based upon an interpretation of the predecessor of the current parole statute. The former section 4205 of title 18 "provided that a warrant for retaking a parole violator could 'be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced.'" 442 F.Supp. at 391 (quoting former 18 U.S.C. § 4205). Additionally, the applicable regulation of the Commission stated that:

> A warrant for the apprehension of any mandatory releasee shall be issued only within the maximum term or terms for which the prisoner was sentenced, less one hundred eighty days.

28 C.F.R. § 2.49(c) (1975).

■ Nevertheless, this Court concludes that even under the current statute, the result is the same. Section 4213 of title 18 now provides:

> ASS'T D.A.: That's correct, Your Honor.
> THE COURT: Then the defendant stands convicted before me.
>
> .  .  .  .  .
>
> It's the sentence of this Court that you be sentenced to the Rockland County Jail for one year, and since you have served more than sufficient time, you will be considered as having served your time. I'm sentencing you to time served.

> (a) If any parolee is alleged to have violated his parole, the Commission may—
>
> > (1) summon such parolee to appear at a hearing conducted pursuant to section 4214; or
> >
> > (2) issue a warrant and retake the parolee as provided in this section.
>
> (b) Any summons or warrant issued under this section shall be issued by the Commission as soon as practicable after discovery of the alleged violation, except when delay is deemed necessary. Imprisonment in an institution shall not be deemed grounds for delay of such issuance, except that, in the case of any parolee charged with a criminal offense, issuance of a summons or warrant may be suspended pending disposition of the charge.

18 U.S.C. § 4213(a), (b). The statute defines "parolee" as "any eligible prisoner who has been released on parole or deemed as if released on parole under section 4164 or section 4205(f)." 18 U.S.C. § 4201(5).

Although these sections do not limit the time within warrants may issue, section 4164 provides that a mandatory releasee "shall . . . be deemed as if released on parole *until* the expiration of the maximum term or terms for which he was sentenced less one hundred eighty days." *Id.* § 4164 (emphasis added). It would thus appear that a mandatory releasee is no longer a "parolee" for the purposes of section 4214 after his period of release supervision has terminated. Consequently the current statute, like the former one, contains nothing that authorizes the Parole Commission to issue a mandatory release violator warrant after the supervision period.[15]

*Id.* at 3, 5.

**14.** 442 F.Supp. 387 (D.Conn.1977), *modified on reconsideration in* 449 F.Supp. 336 (D.Conn. 1978), *aff'd mem. on the opinions below*, 589 F.2d 123 (2d Cir. 1979).

**15.** In fact, one of the current regulations is very similar to the regulation supporting Judge Newman's decision in *Toomey*:

Notwithstanding the statutory revision, therefore, Judge Newman's reasoning is still persuasive, especially because it is still true that:

> [n]either the statute nor regulations authorize issuing violator warrants in the form of supplements after the end of supervision simply because a prior violator warrant was issued during supervision and was not executed until after the end of supervision.

449 F.Supp. at 339.

The respondent cites a regulation, which apparently did not exist when *Toomey* was decided, which provides:

> The issuance of a warrant under this section suspends the running of a sentence until such time as the parolee may be retaken into custody and a final determination of the charges may be made by the Commission.

28 C.F.R. § 244(d) (1979). To the extent that this regulation would permit the issuance of a mandatory release violator warrant after the supervision period, however, respondent has cited no statutory authority for it, and, therefore, the Court declines to follow it.

■ It does not follow, however, that the petitioner must now be released simply because the Commission may not use his New York weapons conviction as a basis for a determination that he violated the conditions of his mandatory release. The Commission may yet find a violation on the basis of one or more of the charges specified in the original warrant, or the supplement issued June 1, 1979. What it does mean, however, is that petitioner is now entitled to a preliminary hearing "to determine if there is probable cause to believe that he has violated a condition of his" mandatory release, as required by 18 U.S.C. § 4214(a)(1)(A).[16]

## CONCLUSION

Accordingly, the writ is granted. The respondent Warden is directed to release the petitioner from custody unless the Commission conducts a preliminary hearing in accordance with 18 U.S.C. § 4214(a)(1)(A) within three business days after the entry of this Memorandum and Order.

So Ordered.

---

> A summons or warrant may be issued only within the prisoner's maximum term or terms except that in the case of a prisoner released as if on parole pursuant to 18 U.S.C. § 4164, such summons or warrant may be issued only within the maximum term or terms, less one-hundred eighty days.

28 C.F.R. § 2.44(c).

**16.** Section 4214 provides in pertinent part:

> (a)(1) Except as provided in subsections (b) and (c), any alleged parole violator summoned or retaken under section 4213 shall be accorded the opportunity to have—
> (A) a preliminary hearing at or reasonably near the place of the alleged parole violation or arrest, without unnecessary delay, to determine if there is probable cause to believe that he has violated a condition of his parole; and upon a finding of probable cause a digest shall be prepared by the Commission setting forth in writing the factors considered and the reasons for the decision, a copy of which shall be given to the parolee within a reasonable period of time . . . .

> (b)(1) Conviction for a Federal, State, or local crime committed subsequent to release on parole shall constitute probable cause for purposes of subsection (a) of this section. In cases in which a parolee has been convicted of such a crime and is serving a new sentence in an institution, a parole revocation warrant or summons issued pursuant to section 4213 may be placed against him as a detainer. . . .

> (c) Any alleged parole violator who is summoned or retaken by warrant under section 4213 who knowingly and intelligently waives his right to a hearing under subsection (a) of this section, or who knowingly and intelligently admits violation at a preliminary hearing held pursuant to subsection (a)(1)(A) of this section, or who is retaken pursuant to subsection (b) of this section, shall receive a revocation hearing within ninety days of the date of retaking.

18 U.S.C. § 4214(a)(1), (b)(1). Therefore, had the Commission been allowed to base a violation upon petitioner's New York weapons conviction, such a hearing would not have been required.