Kenneth M. BAKER, Petitioner,

v.

Charles A. TURNBO, et al., Respondents.

No. C 82–1469 SAW.

United States District Court, N.D. California.

Sept. 22, 1982.

54

Roger S. Hanson, Santa Ana, Cal., for petitioner.

Joseph P. Russoniello, U.S. Atty., Sandra Willis, Asst. U.S. Atty., San Francisco, Cal., for respondents.

## ORDER

WEIGEL, District Judge.

Kenneth M. Baker has petitioned this Court for a writ of habeas corpus directing his immediate release from federal custody pursuant to 28 U.S.C. §§ 2241 and 2243. The Court finds the petition meritorious and grants the relief requested for the following reasons.

■ First, the United States Parole Commission improperly supplemented a parole warrant application with another charge of a parole violation against petitioner long after the petitioner's special term concluded. "[T]he Parole Commission is powerless to supplement a mandatory release violator warrant after the release supervision period expires, even if the supplemental charges pertain to events that occurred before the

expiration." *Booze v. Thomas,* 500 F.Supp. 327 (S.D.N.Y.1980). *See also Toomey v. Young,* 442 F.Supp. 387 (D.Conn.1977), *modified,* 449 F.Supp. 336 (D.Conn.1978), *aff'd mem.,* 589 F.2d 123 (2d Cir.1979).

■ Second, petitioner had no notice that the Commission would consider this additional charge at his revocation hearing until the date of that hearing. Minimum due process requires that an alleged parole violator be given "written notice of the claimed violations of parole." *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484. Notice at the commencement of a revocation proceeding does not satisfy due process; where the Commission has advance information or reason to believe a violation has occurred, prior notice is essential. *Atkins v. Marshall,* 533 F.Supp. 1324 (S.D.Ohio 1982). *See also United States ex rel. Carson v. Taylor,* 540 F.2d 1156 (2d Cir.1976); *Kloner v. United States,* 535 F.2d 730 (2d Cir.), *cert. denied,* 429 U.S. 942, 97 S.Ct. 361, 50 L.Ed.2d 312 (1976). The Court harbors no doubt that the Commission had advance information about the matters amounting to the substance of the additional charge and contravened due process standards with its "date of the hearing" notice to petitioner.

■ Third, there was a delay of approximately eighteen months between the issuance of the original warrant application and the commencement of the revocation hearing. Although such delay is generally permissible, delay violates due process requirements when it results in "demonstrated prejudice" to the parolee. *Johnson v. Holley,* 528 F.2d 116, 119 (7th Cir.1975); *Cleveland v. Ciccone,* 517 F.2d 1082, 1089 (8th Cir.1975). If the delay results in the loss or destruction of evidence that the parolee reasonably could use in his defense at a revocation hearing, the requisite prejudice exists. *Rhodes v. United States Parole Commission,* 456 F.Supp. 17, 21 (D.Conn. 1977); *Riadon v. United States ex rel. Fenton,* 417 F.Supp. 362 (E.D.Ill.1976). The record discloses that sometime between the issuance of the warrant and the opening of

the revocation hearing, evidence significant to the presentation of the petitioner's case at the hearing—a substance alleged to have been illegal PCP—was destroyed. Consequently, petitioner was precluded from lodging meaningful claims in opposition to the Commission's added charge. The fault or *mala fides* of the Commission is irrelevant in this context; the existence of actual prejudice is the central issue. *See Riadon v. United States ex rel. Fenton,* 417 F.Supp. at 362. The Court has found that such prejudice existed.

■ Fourth, the Commission erred when it expressly ruled that petitioner's post-supervision period state conviction was evidence of a parole violation. The Commission may not find a violation on the basis of a conviction occurring after the end of a special parole term. *Toomey v. Young,* 449 F.Supp. at 338–39, 340–41.

■ The essence of a habeas corpus petition is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). "[H]abeas corpus is to be administered with flexibility and initiative ..., unencumbered by any technical considerations ..., with a liberal judicial attitude." *Hamilton v. Craven,* 350 F.Supp. 1251, 1254 (N.D.Cal.1971), *aff'd,* 469 F.2d 1394 (9th Cir. 1972). The Court has determined that the Commission seriously erred in a number of respects and denied petitioner due process of law.

Accordingly,

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus directing the immediate release of the petitioner from all forms of federal custody is granted.