Phillip H. JOINER,
Petitioner–Appellant,

v.

Gary L. HENMAN, Warden, and United
States Parole Commission,
Respondents–Appellees.

No. 89–3083.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 26, 1990.

Decided May 21, 1990.

Steven P. Means, Ross & Stevens, Madison, Wis., for petitioner-appellant.

Mark A. Cameli, Asst. U.S. Atty., Office of the U.S. Atty., Madison, Wis., for respondents-appellees.

Before CUMMINGS and MANION,
Circuit Judges, and GRANT, Senior
District Judge.*

MANION, Circuit Judge.

Phillip Joiner filed a petition for writ of habeas corpus in federal district court pursuant to 28 U.S.C. § 2241, alleging the Parole Commission had unlawfully revoked his parole. The district court denied the petition, and Joiner appeals. We affirm.

I.

On February 25, 1977, Phillip Joiner was sentenced in federal court to an eight-year prison term for possession of a firearm by a convicted felon and possession of an unregistered firearm. Joiner was mandatorily released from his sentence on good time reductions on June 24, 1982. In accordance with federal parole policy, he was to be supervised in the Northern District of Indiana until November 13, 1984, 180 days before the expiration date of his sentence.

In a letter dated September 18, 1984, probation officer Joseph Samreta requested that the Parole Commission issue a violator warrant for Joiner, alleging that since his June 1982 release he had been convicted of narcotics possession and sentenced to a two-year term of imprisonment, with all but 548 days suspended, and a one-year probation term. Samreta subsequently provided the Commission with a police report and court documents concerning the circumstances of Joiner's new conviction. On October 29, 1984 (with just over two weeks remaining on his federally supervised release), the Commission issued a vio-

---

* Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is   sitting by designation.

lator warrant for Joiner, charging him with failure to report as instructed and possession of narcotics.

The Commission issued a supplemental warrant application[1] on December 12, 1984, adding the following charges: a robbery committed on October 12, 1984; theft and firearm charges arising from an October 13, 1984 incident; and battery, mischiefs and weapons charges arising from a September 6, 1984 stabbing. The Commission issued a second supplemental warrant application dated October 16, 1985, noting the robbery conviction. After serving approximately 50 months for the state conviction, Joiner was released from Indiana state prison on December 12, 1988, and was immediately taken into federal custody on the violator warrant.

On March 1, 1989, Joiner was given a revocation hearing at the Federal Correction Institution in Oxford, Wisconsin. On March 13, 1989, the Commission informed Joiner that it had decided to revoke his mandatory parole, and that none of the time spent on parole (since his mandatory release on June 24, 1982) would be credited against his jail term. Joiner petitioned the United States District Court for the Western District of Wisconsin for a writ of habeas corpus, which the district court denied.[2] Joiner appeals, alleging that the supplemental warrants were invalid, that the offenses listed in the warrant supplements were used to revoke Joiner's parole, and that he was unlawfully denied credit for the time spent in state prison.

## II.

We first examine Joiner's allegations regarding the validity and use of the supplemental parole violator warrants. 18 U.S.C. § 4210(b)[3] provides:

Except as otherwise provided in this section, the jurisdiction of the Commission over the parolee shall terminate no later than the date of the expiration of the maximum term or terms for which he was sentenced, except that ... such jurisdiction shall terminate at an earlier date to the extent provided under § 4164 (relating to mandatory release)....

In *Martin v. Luther*, 689 F.2d 109, 113 (7th Cir.1982), this court held:

There is no question that under this language, read in conjunction with 18 U.S.C. § 4164, a mandatory releasee who has observed the conditions of his release is no longer deemed a parolee at the expiration of his maximum term less 180 days.... It is equally clear to us that if the operative date passes and the Commission has not issued a violator warrant (or summons) charging a violation of the release terms, the Commission's supervisory authority over the releasee is at an end, and no violator warrant could be issued even if the Commission later became cognizant of a violation which had occurred within the period the releasee was deemed on parole. (Citations omitted)

The "operative date" in Joiner's case was originally November 13, 1984. Both parties agree the initial warrant could not have been validly issued after this date. However, the initial warrant was issued on October 29. The supplemental warrants were issued after November 13, and it is the validity of those warrants that Joiner challenges.

---

1. "The Parole Commission updates the information on a warrant that has already been issued by issuing a supplemental warrant containing pertinent new information." *D'Amato v. United States Parole Comm'n*, 837 F.2d 72, 74 n. 3 (2d Cir.1988).

2. Joiner originally sued Edward J. Brennan, the warden of the Federal Correctional Institution at Oxford, Wisconsin, the facility at which Joiner was being detained. Joiner has since been transferred to the United States Penitentiary at Leavenworth, Kansas. Gary L. Henman, the warden at Leavenworth, has agreed to submit to this court's jurisdiction for purposes of this case. Therefore, Henman has been substituted for Brennan as the respondent. *Ward v. United States Parole Comm'n*, 804 F.2d 64, 67 (7th Cir. 1986).

3. This section has been repealed with the other parole provisions of the federal criminal code. However, because Joiner was convicted of a crime committed prior to the repeal, the parole provisions continue to apply in this case.

28 C.F.R. § 2.44(d) provides: "The issuance of a warrant under this section operates to bar the expiration of the parolee's sentence."[4] The expiration date of Joiner's sentence, originally set for May 12, 1985, was therefore postponed until the execution of the violator warrant on December 12, 1988. After the issuance of the first violator warrant, the new operative date was June 15, 1988 (180 days before the execution of the warrant). The Commission issued the supplemental warrants long before this date. Those warrants were valid under *Martin.*

Joiner cites three district court cases as holding otherwise. Cf. *Toomey v. Young,* 442 F.Supp. 387, 392 (D.Conn.1977), *modified,* 449 F.Supp. 336 (D.Conn.1978), *summarily affirmed,* 589 F.2d 123 (2d Cir. 1979); *Booze v. Thomas,* 500 F.Supp. 327, 330–31 (S.D.N.Y.1980); and *Baker v. Turnbo,* 553 F.Supp. 53, 54 (N.D.Cal.1982). The *Toomey* court did not consider § 2.44(d) either in its original order or on reconsideration. Conversely, the *Booze* court explicitly considered the applicability of § 2.44(d), and held: "To the extent that this regulation would permit the issuance of a mandatory release violator warrant after the supervision period ... respondent has cited no statutory authority for it and, therefore, the Court declines to follow it." 500 F.Supp. at 331. However, 18 U.S.C. § 4203(a)(1) (which apparently was not cited to the *Booze* court) provides: "The Commission shall meet at least quarterly, and by majority vote shall ... promulgate ... rules and regulations as are necessary to carry out a national parole policy and the purposes of this chapter...." The Commission had the power to promulgate § 2.44(d) under this section. See also *Martin v. Luther, supra,* 689 F.2d at 117 ("The Commission's regulation regarding ... 28 C.F.R. § 2.44(d) (1981), is entitled to some deference."). Finally, the *Baker* court relied on *Booze* and *Toomey* in holding the Parole Commission powerless to supplement a mandatory release violator warrant.

4. Section 2.44(d) provides in full:

The issuance of a warrant under this section operates to bar the expiration of a parolee's sentence. Such warrant maintains the Commission's jurisdiction to retake the parolee either before or after the normal expiration date of the sentence and to reach a final decision as to revocation of parole and forfeiture of time pursuant to § 2.52(c).

Prior to January 21, 1981, the section provided the issuance of a warrant "suspends the running of a sentence." The Parole Commission summarized its reasons for amending the section:

It has been argued by some parolees that under the present 28 CFR 2.46(c), if the "running" of the sentence is suspended by the issuance of the warrant, then they cannot continue to be supervised in a case wherein the Commission has issued its warrant, but withheld execution while the parolee is permitted to remain at liberty pending the outcome of a criminal trial. As was pointed out in the case of *LiPuma v. Gengler,* 411 F.Supp. 948 (S.D.N.Y.1976), such a procedure is a benefit to the parolee since immediate execution of the warrant would place the parolee in prison at a time when the parolee was attempting to defend himself in a criminal trial. (This procedure is used only when the parolee is not considered to be a flight risk or dangerous, and permits *criminal charges to be fairly adjudicated before any parole consequences are invoked.*) During the period such a parolee is at liberty awaiting trial, the Commission is still responsible to society for providing adequate supervision and control of that parolee's behavior.

It is necessary, however, to insure that the parolee's sentence does not expire (thus depriving the Commission of jurisdiction to revoke parole if he should be found guilty) during the period the criminal charges are still pending. Also, in the case of a parolee who has absconded from supervision, his sentence cannot be permitted to expire, thus giving him the benefit of his decision to evade supervision. Therefore, the revised rule makes it clear that the effect of the issuance of a Parole Commission warrant is not to stop the running of a sentence (although the running of the sentence may be interrupted for other reasons) but such issuance does have the effect of preventing that sentence from actually expiring. Through this rule, the Commission retains jurisdiction, notwithstanding the passing of the normal expiration date, to conduct a parole revocation hearing and to enter a final parole revocation decision with all the consequences (including possible forfeiture of time on parole) as defined by law.

45 Fed.Reg. 84,054–55 (1980). At least two Supreme Court Justices have criticized the practice of delaying warrant execution as violative of the right to a speedy trial. *Moody v. Daggett,* 429 U.S. 78, 89–96, 97 S.Ct. 274, 279–83, 50 L.Ed.2d 236 (1976) (Stevens, J., dissenting) (joined by Brennan, J.). However, Joiner does not argue that this practice is constitutionally infirm; therefore we will not address the issue.

Because we find the Commission had the power to promulgate § 2.44(d), we decline to follow *Toomey, Booze,* and *Baker.*

Because the supplemental warrants were valid, the Parole Commission properly based its revocation of parole upon the charges in those warrants. We need not consider the issue of whether the Parole Commission could have based its revocation upon the charges in the initial warrant.

## III.

■ Joiner contends the Commission must credit him for time served on the state charges against the time remaining on his federal sentence. Joiner admits in his brief that the other circuits that have confronted this question rejected his position. *Cf. Bowen v. United States Parole Commission,* 805 F.2d 885 (9th Cir.1986); *Berg v. United States Parole Commission,* 735 F.2d 378 (9th Cir.1984); and *Staege v. United States Parole Commission,* 671 F.2d 266 (8th Cir.1982). The Seventh Circuit has not yet ruled on this issue.

28 C.F.R. § 2.21(c) states in part: "Time served on a new state or federal sentence shall be counted as time in custody for reparole guideline purposes." Section 2.47(e)(1) provides: "A parole violator whose parole is revoked shall be given credit for all time in federal, state or local confinement on a new offense for purposes of satisfaction of the reparole guidelines at §§ 2.20 and 2.21." The regulations clearly require time served to be counted only for reparole guideline purposes.[5] No regulation or statute mandates the time be credited against the time remaining on a federal sentence. In fact, as the Ninth Circuit noted in *Bowen,* § 2.21 specifically states, "This does not affect the computation of the expiration date of the violator term...." 805 F.2d at 888. Joiner essentially argues the regulations are not fair in his case. We find this argument meritless. We agree with the Eighth and Ninth Circuits that time served on a new sentence must be credited only for purposes of the reparole guidelines.

The decision of the district court is
AFFIRMED.

---

5. Joiner does not contend his time served was not counted for reparole guideline purposes.