7 F.3d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James W. NORRIS, Defendant-Appellant.
 No. 93-5420.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1993.
 
 Before: KEITH, GUY and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 James W. Norris, pro se, appeals a district court order denying his "Motion For Verification" and request for a hearing to resolve issues surrounding the revocation of his parole. This motion requested the district court to "clarify and/or verify" the court's intent set forth in its Judgment and Probation/Commitment Order, dated August 29, 1988.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his motion filed with the district court on February 25, 1993, Norris requests advice as to whether he "still has a term of supervised release." Apparently, Norris was "under the impression" that when he was given mandatory release on August 15, 1991, after serving 39 1/2 months of his five-year prison sentence, he began serving the three-year supervised release portion of his total sentence. The record shows that a Mandatory Release Violation Warrant was issued on August 24, 1992, and executed on October 5, 1992. This warrant was based on various offenses in violation of his release conditions, including use of illegal substances, failing to submit his monthly supervision reports and failing to participate in drug treatment programs.
 
 
 4
 On appeal, Norris argues that the district court erred in failing to take jurisdiction over him upon his release from actual imprisonment, because he was serving his supervised release (under the district court's supervision) concurrently with his term of mandatory release (under the jurisdiction of the U.S. Parole Commission). Norris requests that his matter of parole be remanded to the district court for an evidentiary hearing with respect to violations of his supervised release and requests that the court void the decision of the U.S. Parole Commission revoking his parole.
 
 
 5
 Generally, this court may review decisions by the Parole Commission only to determine whether a rational basis exists for that Commission's conclusions. Hackett v. United States Parole Comm'n, 851 F.2d 127, 129 (6th Cir.1987) (per curiam). The Commission's findings of fact and credibility determinations are not subject to review. Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984).
 
 
 6
 The Parole Commission had jurisdiction over Norris as a parolee until the expiration of the maximum term for which he was sentenced, less 180 days. 18 U.S.C. §§ 4164 and 4210(b)(1). Because Norris's original sentence did not expire until August of 1993, the Parole Commission had jurisdiction over him until February of 1993, 180 days from the expiration of his five-year sentence. See Joiner v. Henman, 902 F.2d 1251, 1252-53 (7th Cir.1990). Moreover, the Parole Commission's issuance of the warrant operated to bar the expiration of the parolee's sentence. 28 C.F.R. § 2.44(d). There is no merit to Norris's argument that the district court had sole jurisdiction in determining whether he violated his parole after his mandatory release in 1991.
 
 
 7
 Accordingly, the district court's order denying the Motion for Verification is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.