39 F.3d 1192
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ernest G. MOORE, Petitioner-Appellant,
v.
W.A. PERRILL, Warden; United States Parole Commission,
Respondents-Appellees.
 No. 94-1049.
 United States Court of Appeals, Tenth Circuit.
 Nov. 10, 1994.
 
 ORDER AND JUDGMENT[1]
 Before BALDOCK, McKAY, and HENRY, Circuit Judges.[2]
 
 
 1
 Petitioner appeals from a district court order dismissing his petition for a writ of habeas corpus. As petitioner challenges actions of the United States Parole Commission, rather than his underlying conviction and sentence, this proceeding was properly brought under 28 U.S.C. 2241 in the federal district where he is confined. See United States v. Scott, 803 F.2d 1095, 1096 (10th Cir.1986) (distinguishing habeas proceedings relating to execution of sentence under 2241 from those relating to validity of sentence under 28 U.S.C. 2255). Our jurisdiction arises under 28 U.S.C. 1291 & 2253.
 
 
 2
 This case ultimately derives from a federal conviction for attempted bank robbery in November 1977, for which petitioner received a twelve-year sentence. Less than two years after his release on parole in August 1983, he was convicted in Oregon of armed robbery and burglary and sentenced to a twenty-five year state term. Federal authorities lodged a parole violator warrant as a detainer. Following petitioner's transfer to a federal facility as a state boarder, see 18 U.S.C. 5003, he received a dispositional hearing on the violator warrant. The Commission decided: (1)parole would be revoked; (2)none of the time spent on parole would be credited toward petitioner's remaining federal sentence; (3)service of that sentence would recommence upon petitioner's release on the state sentence or upon reparole from the federal sentence, whichever occurred first;[3] (4)petitioner would be continued to presumptive parole on April 17, 1991. Due to subsequent institutional misconduct, the latter date was delayed until October 17, 1991, when petitioner was reparoled with approximately five years remaining on his federal sentence. Within five months, petitioner was awaiting trial on charges of aggravated robbery in Texas. A parole violator warrant was again lodged as a detainer, state charges were eventually dropped, and petitioner was retaken by federal authorities. This time the Commission ordered petitioner continued in custody for the expiration of his term.
 
 
 3
 Petitioner claims his federal sentence should have recommenced with the revocation of his parole in 1989 and thereafter run concurrently with his Oregon sentence, contrary to the Commission's direction. His argument proceeds as follows. When a federal parolee commits a crime while on release, 18 U.S.C. 4210(b)(2)(repealed 1986) provides that "the Commission shall determine ... whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense." While this provision would appear contrary to petitioner's position, it fails to specify what circumstances mandate concurrent or consecutive service of the original sentence. Consequently, it is ambiguous and its application must be governed by legislative history. The pertinent passage from the House conference report on the statute was quoted--but only in part--in Harris v. Day, 649 F.2d 755, 759 (10th Cir.1981)(holding report supported Commission's authority to elect between concurrent and consecutive service of parole violator sentence), on which the district court relied. The Harris court's reading stopped short of the following crucial language: "In computing the date of expiration of the sentence, the Commission shall take into account the time the parolee previously served in connection with the original offense ... together with the time served for such offense following his revocation." 1976 U.S.C.C.A.N. 351, 364 (emphasis added). The underscored passage indicates Congress' intent that service of the original sentence recommence directly upon the decision to revoke parole and, thus, if it happens that a second sentence is then being served, the two necessarily run concurrently. Further, because this view of 4210(b)(2) is not reflected in the pertinent federal regulations, the Commission abused its discretion and acted beyond its authority in promulgating and adhering to these regulations.
 
 
 4
 The magistrate judge recommended that the petition be denied on alternative grounds. Relying on Rule 9(b) of the Rules Governing Section 2254 Cases, and McCleskey v. Zant, 499 U.S. 467 (1991), the judge deemed the petition successive (same issues previously raised) and/or abusive (new issues raised, but without excuse for delay), concluding that "regardless of whether the claim presented in this petition is the same as those in prior petitions or is a new claim, the Court should not address them [sic]." R. doc. 20 at 6-7. Alternatively, the judge rejected petitioner's argument for concurrent service on the merits. Id. at 7-8. The district court declined to rely on the former, procedural grounds, considered petitioner's claim on the merits, and adopted the magistrate judge's recommendation to deny the petition. We review the predominately legal issues on appeal de novo, see Hill v. Reynolds, 942 F.2d 1494, 1495 (10th Cir.1991), and affirm. However, we deny government counsel's request to sanction petitioner for allegedly abusing the habeas process.
 
 
 5
 We agree with the district court that petitioner's claim is foreclosed by precedent and a straightforward reading of the statute and its history. First of all, 4210(b)(2) is not "ambiguous" simply because it entrusts a discretionary parole decision to the Commission. On the contrary, the intendment of the statute is unmistakenly clear.
 
 
 6
 Secondly, even the legislative history relied on by petitioner supports the district court's conclusion, once the phrase, "for such offense," in the passage underscored above is properly attended to. That is, post-revocation confinement does count against the sentence for the original offense, but only if such confinement is indeed for that offense. The latter condition obviously does not hold for a parolee, such as petitioner, who is confined on a later sentence to which the original is ordered to run consecutively.
 
 
 7
 Finally, petitioner has not cited a single decision adopting his position, while many undermine it. The Commission's general authority to disregard a parole violator's confinement on an intervening conviction when determining the expiration of his original sentence (as opposed to his potential reparole therefrom, see supra note 1) is affirmed by numerous decisions. See, e.g., Harris, 649 F.2d at 759-60; Joiner v. Henman, 902 F.2d 1251, 1254 (7th Cir.1990); D'Amato v. United States Parole Comm'n, 837 F.2d 72, 78-79 (2d Cir.1988). More to the point, several cases illustrate the application of this principle specifically in circumstances where, as here, the decision to revoke parole was made while the second sentence was being served. See, e.g., Heath v. United States Parole Comm'n, 788 F.2d 85, 87, 91-92 (2d Cir.) (revocation while in custody on subsequent state sentence), cert. denied, 479 U.S. 953 (1986); Berg v. United States Parole Comm'n, 735 F.2d 378, 379 (9th Cir.1984) (same); see also McConnell v. Martin, 896 F.2d 441, 446 (10th Cir.) (revocation in conjunction with parole hearing on subsequent federal sentence then in force), cert. denied, 498 U.S. 861 (1990); Tijerina v. Thornburgh, 884 F.2d 861, 863-64 (5th Cir.1989) (same). Petitioner's further objection that the regulations do not mandate or even expressly provide for concurrent service of a parole violator's original sentence in this context is innocuous. This court has already made it clear that the pertinent regulations must be read consistently with the statutory direction according the Commission the discretion to direct concurrent or consecutive service. Harris, 649 F.2d at 760.
 
 
 8
 Government counsel consumes a substantial portion of respondents' brief arguing that the petition is successive and/or abusive and, further, that because of such abuse of the habeas process, petitioner should be sanctioned through (1) a fee award to the government; (2) injunctive restrictions on court access; and (3) additional penalties imposed through the Bureau of Prisons, all to be devised by the district court on remand. While we share many of the concerns vigorously voiced by counsel regarding abuse of the habeas process generally, counsel's broad salvo is both inordinate and misdirected here. We conclude that even if the petition could have been dismissed as abusive or successive, a substantial question the district court explicitly did not--and we need not--decide, a case for the extensive sanctions requested by respondents on such grounds[4] simply has not been made.
 
 
 9
 Respondents did not raise the issue of sanctions for abuse of the habeas process in the district court at all. See R. doc 17. They did argue that the present petition should be dismissed as successive and/or abusive (in the Rule 9(b) sense of raising new claims), though even that more limited argument was problematic, as the district court evidently recognized. Respondents relied almost entirely on successiveness, merely appending the perfunctory assertion that "[i]n the alternative, [the petition] should be dismissed because it constitutes an abuse of the writ of habeas corpus. McCleskey v. Zant, 499 U.S. 467 (1991)." R. doc. 17 at 6. Clearly more is required of the government to justify dismissal of a petition as abusive. See McCleskey, 499 U.S. at 494.
 
 
 10
 Furthermore, the sine qua non for finding a petition either successive or abusive is, obviously, the existence of prior habeas petitions. Here, it appears that only one of petitioner's previous cases cited by the government, Moore v. United States Parole Comm'n, No. 90-3430-R (D. Kan.1991), appeal dismissed, No. 91-3132 (10th Cir.1991), was filed as a habeas action.[5] In that case, petitioner contended that (1) pursuant to Moody v. Daggett, 429 U.S. 78 (1976), and 28 C.F.R. 2.21(c) (reparole guidelines), all of his time in state custody (from 1985) must be credited to his parole violator sentence, and (2) in any event, his transfer to the federal penitentiary in 1988 constituted a release from state custody, leaving him confined solely on the basis of his federal sentence. These contentions differ in both substance and consequence from his present claim that, pursuant to the legislative intent behind the ambiguous 4210(b)(2), the revocation of his parole at the dispositional hearing in 1989 triggered recommencement of his federal sentence concurrent with his state confinement.[6] Moreover, until he had been informed through the determination of his first petition that he would receive no automatic credit against his federal sentence for state confinement and that such confinement had continued beyond his transfer to the federal facility in 1988, petitioner had little reason to question the legal effect of his dispositional hearing in 1989.
 
 
 11
 As already noted, we need not and do not decide whether the instant petition could have been dismissed on the procedural grounds asserted. We do hold, though, that under the circumstances discussed above, and in light of the relatively few court filings by petitioner brought to our attention, the sanctions requested by the government are not warranted.
 
 
 12
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. Respondents' request that we remand this case for determination and imposition of sanctions is DENIED.
 
 
 13
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 While the Commission decided not to credit petitioner's ongoing state confinement toward service of his federal sentence, pursuant to pertinent regulations such confinement had to be considered for purpose of reparole therefrom. See Joiner v. Henman, 902 F.2d 1251, 1254 (7th Cir.1990)(discussing 28 C.F.R. 2.21); Berg v. United States Parole Comm'n, 735 F.2d 378, 379 (9th Cir.1984)(same). Hence, petitioner's reparole on the federal sentence could precede, and thereby trigger, commencement of petitioner's service of that very sentence
 
 
 [4]
 As noted earlier, this case arises under 28 U.S.C. 2241, which permits challenges to official action affecting execution of sentence, and not under 2254 or 2255, which relate to conviction and imposition of sentence. Thus, the codified rules governing abusive or successive petitions under the latter are not applicable. See Rules 1 & 9 of the Rules Governing Section 2254 Cases and the Rules Governing Section 2255 Proceedings. The general habeas finality statute, 28 U.S.C. 2244, does apply, but the pertinent subsection does not bar newly raised claims. See Section 2244(a). Nevertheless, given the Supreme Court's recent admonition that such codified prohibitions directed solely at successive petitions do not foreclose judicially developed abuse-of-the-writ principles, see McCleskey, 499 U.S. at 483-84, 487, we consider both of these grounds asserted by respondents
 
 
 [5]
 Another pleading, filed by petitioner as a complaint for declaratory judgment, was construed as a habeas petition by the United States District Court for the District of Columbia--which then ruled it lacked jurisdiction to consider the matter. We are aware of no precedent, and the government cites none, requiring application of Rule 9(b) in such circumstances (where, we note, petitioner would not have been on notice, when filing his complaint under the declaratory judgment act, of the potential forfeiture of unpled claims pursuant to habeas rules)
 
 
 [6]
 This latter argument was advanced by petitioner in a petition for rehearing on his previous appeal, but given this court's rule against raising new issues on rehearing, see Sierra Club v. Hodel, 848 F.2d 1068, 1100-01 (10th Cir.1988), we cannot say the summary disposition of that petition entailed any consideration of the argument on the merits. Absent such consideration, the prohibition on successive claims does not apply. See 2244(a); Sawyer v. Whitley, 112 S.Ct. 2514, 2518 (1992)