David NEWLIN, Petitioner,

v.

David W. HELMAN, et al., Respondents.

No. 96–1289.

United States District Court, C.D. Illinois.

Nov. 25, 1996.

---

David Newlin El, Pekin, IL, pro se.

Thomas A. Keith, U.S. Atty., Peoria, IL, for Respondents.

## ORDER

MIHM, Chief Judge.

Before this Court is Petitioner's Motion for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, this Court DENIES the Motion for Writ of Habeas Corpus [# 2].

### Background

On April 8, 1977, the United States District Court for the Southern District of Ohio sentenced Petitioner, David Newlin ("Newlin"), to 15 years of confinement for armed robbery. Newlin was paroled from this sentence on December 1, 1981. On October 19, 1982, Newlin was indicted and charged with kidnapping and attempt to commit aggravated murder in Delaware County, Ohio. As a result, the United States Parole Commission ("Commission") issued a violator warrant on December 2, 1982, charging Newlin with these parole violations, as well as administrative violations. Newlin turned himself in to federal authorities in February 1983 and was then turned over to the State of Ohio for adjudication of pending state charges. On March 8, 1983, the warrant was placed as a detainer with the Delaware County Sheriff, Delaware, Ohio.

Newlin was convicted of kidnapping and attempt to commit aggravated murder and was sentenced to consecutive terms of imprisonment of not less than seven years nor more than 25 years each. The Commission's warrant was then supplemented and placed as a detainer with first the Columbus Correctional Facility, Columbus, Ohio and later the Southern Ohio Correctional Facility, Lucasville, Ohio. A dispositional revocation hearing was held on August 12, 1985. On August 28, 1985, the Commission issued a notice of the following decisions: (1) Newlin's parole was revoked; (2) no time Newlin had spent on parole would be credited; (3) the unexpired portion of Newlin's federal sentence would commence upon release from state custody or federal reparole; and (4) the matter would be continued for a 15–year reconsideration hearing. Newlin's case was reviewed on

September 9, 1993, when the Commission determined that there were no significant changes warranting different disposition.

After serving approximately twelve years on his Ohio state sentence, Newlin was paroled on July 11, 1995. Later that day, he was taken into federal custody pursuant to the parole violator warrant. He is currently incarcerated at the Federal Correctional Institution in Pekin, Illinois. On September 12, 1995, Newlin was given a statutory interim hearing and later received notice that the Commission had not charged its decision to continue him to a 15–year reconsideration hearing. This decision was affirmed on appeal to the Commission's National Appeals Board. Newlin filed his Motion for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on June 7, 1996, and the Court ordered the Government to show cause why the Motion should not be granted. On July 26, 1996, the Government filed a Response to the Motion for Writ of Habeas Corpus. Newlin filed a Traverse on August 29, 1996. This Order follows.

*Analysis*

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490, 93 S.Ct. 1827, 1836–37, 36 L.Ed.2d 439 (1973); *Waletzki v. Keohane,* 13 F.3d 1079, 1080 (7th Cir.1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3). Newlin makes essentially two arguments in his Motion: (1) his sentence has expired; and (2) the Commission has erroneously calculated the guideline range for reparole. Each argument will be addressed in turn.

Newlin first argues that his sentence has expired because the time he served in the state of Ohio should be credited against his federal sentence. He alleges that the parole violator warrant was executed when he turned himself in to federal agents in February 1983, with the unserved portion of his federal sentence having been served concurrently with his state sentence. Thus, Newlin contends that his federal sentence expired in February 1993.

A parole violator warrant is not executed simply because it issues. *Doyle v. Elsea,* 658 F.2d 512, 517 (7th Cir.1981). Rather, the execution of a parole violator warrant "must be determined by reference to the Commission's actions." *Id.* Execution has been construed as effectuating an arrest or apprehension. *United States v. Sager,* 881 F.2d 364, 367 (7th Cir.1989); *see also Moody v. Daggett,* 429 U.S. 78, 89–91, 97 S.Ct. 274, 280, 50 L.Ed.2d 236 (1976) (finding that a subject is taken into custody as a parole violator by execution of the warrant); *United States ex rel. Hahn v. Revis,* 520 F.2d 632, 635 (7th Cir.1975) (finding that a parole violation warrant is executed by taking the subject into custody and returning him to the custody of the Attorney General). Additionally, "[a] warrant is not considered 'executed' where a parolee has been arrested on an independent intervening charge, and a detainer is placed at the institution with custody." *Lopez v. United States Parole Commission,* No. 90–C–20269, 1991 WL 293089, at *2 (N.D.Ill. Apr.11, 1991).

Although the federal parole violator warrant issued on December 2, 1982, the facts of this case demonstrate that it was not executed during the time Newlin was serving his sentence in the state of Ohio. After turning himself in to federal agents in 1983, he was immediately turned over to the custody of the state of Ohio for trial on the kidnapping and attempted murder charges. The Commission's warrant was then placed as a detainer with each of the facilities in which Newlin served time in the state of Ohio. In fact, Newlin was not taken into federal custody via the warrant until July 11, 1995, upon his release from state custody. Thus, Newlin's contention that the parole violator warrant was executed in February 1983 is both factually and legally incorrect.

Newlin's claim that the time he served in the state of Ohio on kidnapping and attempted aggravated murder should be credited against his federal sentence is also meritless. While 28 C.F.R. § 2.47(e)(1) requires that a parole violator be given credit

for time in custody on a new state or federal sentence for purposes of satisfying reparole guidelines, no regulation or statute requires that a prisoner receive credit against the time remaining on a federal sentence. *Joiner v. Henman,* 902 F.2d 1251, 1254 (7th Cir.1990). Specifically, the Seventh Circuit has held that "time served on a new sentence must be credited *only* for purposes of the reparole guidelines." *Id.* (emphasis added.) The Commission determined that the remainder of Newlin's violator term would be served consecutively to his Ohio state sentence rather than concurrently. This decision is committed to the discretion of the Commission and will not be reviewed by this Court. *Barnard v. Henman,* 89 F.3d 373, 378 (7th Cir.1996). Furthermore, when a parolee is convicted of a new offense committed subsequent to his release on parole that is punishable by any term of imprisonment, "forfeiture of time from the date of such release to the date of execution of the warrant is an automatic statutory penalty, and such time shall not be credited to the service of the sentence." 28 C.F.R. § 2.52(c)(2). Therefore, Newlin's sentence has not expired.

Newlin's second argument is that the Commission erred in calculating his guideline range for reparole. In his Motion, Newlin makes a vague reference to being told that he must serve 150 months to satisfy federal reparole guidelines. The origin of this 150-month figure is neither stated nor supported by any evidence in the record.

Section 28 C.F.R. 2.21 sets forth reparole consideration guidelines. "If a finding is made the prisoner has engaged in behavior constituting new criminal conduct, the appropriate severity rating for the new criminal behavior shall be calculated." 28 C.F.R. § 2.21(a)(2). Then, the guidelines for parole consideration contained in 28 C.F.R. § 2.20 are applied with a recalculated salient factor score. 28 C.F.R. § 2.21(b).

In his dispositional revocation hearing on August 12, 1985, the Commission found that the parole violation behavior included charges of kidnapping and attempt to commit aggravated murder, resulting in a severity rating in Category 8. The Commission fur-

ther found that Newlin had 4 prior convictions and 2 prior commitments, arriving at a salient factor score of 3. The parole guideline range for a Category 8 offense with a salient factor score of 3 is 180+ months. 28 C.F.R. § 2.20, Guidelines for Decisionmaking Chart. After consideration of the facts of the case, as well as the perceived "growing pattern of subject's involvement in assaultive behavior," the Commission determined that a 15-year reconsideration hearing in August, 2000 would be appropriate. The 15-year reconsideration hearing would require Newlin to serve a total of 210 months, including credit for time spent in custody in the state of Ohio, before becoming eligible for reparole, which is approximately 30 months above the minimum guideline prescribed. This ruling was affirmed by the National Appeals Board.

 The Commission is vested with broad discretion to make parole revocation determinations, and relief should be granted only in limited circumstances. *Walrath v. Getty,* 71 F.3d 679, 684 (7th Cir.1995). "[T]he inquiry is only whether there is a rational basis in the record for the [Commission's] conclusions." *Id.* Courts cannot reverse decisions of the Commission "unless, absent procedural or legal error, it is 'arbitrary, irrational, unreasonable, irrelevant or capricious.'" *Schiselman v. United States Parole Commission,* 858 F.2d 1232, 1237 (7th Cir.1988). Category 8 offenses contain no upper limit to the guideline range, and the Commission is authorized to make decisions outside the guidelines when warranted by the circumstances of the case. 28 C.F.R. § 2.21(d). The record before the Court supports a finding that the Commission acted reasonably and within its discretion in its assessment of Newlin's eligibility for reparole under the guidelines. As there is more than a rational basis for the Commission's decision, Newlin's claim with respect to his reparole guidelines must be denied.

### Conclusion

For the reasons set forth herein, this Court DENIES the Motion for Writ of Ha-

beas Corpus [# 2]. This matter is terminated.