**IOANNIS SEVANTOS ASLANIS,**
Petitioner,

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 05–1241–ag.

United States Court of Appeals, Second Circuit.

Aug. 18, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Mark T. Kenmore, Buffalo, NY, for Petitioner.

Dione M. Enea, Special Assistant United States Attorney, of Counsel; Scott Dunn and Varuni Nelson, Assistant United States Attorneys for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Ioannis Sevantos Aslanis, through counsel, petitions for review of the February 2005 decision of the BIA ordering him removed and denying his motion to reopen. We assume familiarity with the underlying facts and the procedural history.

We review underlying questions of law and the application of law to undisputed fact *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 306 (2d Cir.2003). We review a BIA's decision to affirm an IJ's denial of a motion to reopen for abuse of discretion. *See Cekic v. INS,* 435 F.3d 167, 170 (2d Cir.2006) (citing *Iavorski v. INS,* 232 F.3d 124, 128 (2d Cir.2000)); *see also Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). An abuse of discretion occurs when a "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Aslanis was admitted to the United States as a lawful permanent resident in 1985. In 1991, an Immigration Judge (Susan L. Yarbrough) ordered Aslanis deported to Greece following his conviction for possession of cocaine. She noted that Aslanis had failed to file an application for a waiver of inadmissibility under section 212(c) of the INA even though he had been provided with an extension to allow him to do so. Aslanis left the United States in 1997 and thereby terminated his status as a lawful permanent resident. He was erroneously permitted to reenter the United States in 2001 and was later placed in removal proceedings. In 2003, an IJ (Michael Rocco) ordered Aslanis removed, finding that he could not seek a section 212(c) waiver or cancellation of removal because he had lost his permanent resident status when he departed the United

States under a final deportation order.[1] Aslanis appealed this decision to the BIA, which affirmed.

■ Because Aslanis has been convicted of a controlled-substance offense, we lack jurisdiction to review his petition, except to the extent he presents constitutional claims and questions of statutory interpretation. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 153–54 (2d Cir.2006); *Santos–Salazar v. U.S. Dep't of Justice*, 400 F.3d 99, 103 (2d Cir.2005) (noting that "the jurisdictional bar imposed by [§ 1252(a)(2)(C) ] also applies to an order denying a motion to reopen removal proceedings.") (internal quotation marks and citation omitted). Aslanis raises two constitutional claims: (1) that his due process rights were violated when he lost his status as a lawful permanent resident since the Government failed to warn him of the consequences of departing the United States while subject to a final order of deportation and (2) that the BIA erroneously denied the motion to reopen his 1991 deportation proceedings based on ineffective assistance of counsel in violation of the Sixth Amendment. *See Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104 (2d Cir.2006). We agree with the BIA that both of these challenges are without merit.

■ Regarding Aslanis' due process claim, the BIA appropriately found that Aslanis was provided with sufficient notice through the published regulation detailing the consequences of his departure from the United States after having been deported. *See Fuentes–Argueta v. INS*, 101 F.3d 867, 870 (2d Cir.1996) ("As for notice, § 242(b)(1) instructs the Attorney General to prescribe regulations providing the alien with notice, reasonable under all the circumstances, of the nature of the charges against him and of the time and place at which the proceedings will be held.") (internal quotation marks and citation omitted); *see also LaChance v. Reno*, 13 F.3d 586, 589–90 (2d Cir.1994) (explaining that the publication of an administrative regulation provides constructive notice).

■ As to the second challenge, we find that the BIA properly denied the motion to reopen as untimely under 8 C.F.R. § 1003.2(c)(1). While motions to reopen premised on ineffective assistance may be subject to an equitable toll, Aslanis did not exercise the due diligence required for such tolling. *See Cekic*, 435 F.3d at 170. This Court stated in *Cekic*, "Tolling is available if the alien can demonstrate that (1) his counsel's conduct violated [his] constitutional right to due process, and (2) the alien has exercised due diligence in pursuing the case during the period [he] seeks to toll." *Id.* (internal quotation marks and citation omitted).

To make this showing, a petitioner must demonstrate that he pursued his case "[f]rom the point at which the ineffective assistance of counsel should have been, or was in fact, discovered." *See id.* at 171 (citing *Iavorski*, 232 F.3d at 135). Aslanis discovered the ineffective assistance of his counsel in 1992, as evidenced by his filing of a motion to reopen at that time. After the IJ denied this motion, Aslanis appealed the decision to the BIA, but the appeal was effectively withdrawn when he departed the United States in 1997. Aslanis did not take any further action with regard to his former attorney's ineffective assistance until several years after the BIA's dismissal of the appeal. He did not diligently pursue his case during the period he now seeks to toll. Accordingly, he does not qualify for equitable tolling. *See id.*

**1.** The IJ also noted that Aslanis was ineligible   for adjustment of status.

■ Finally, we may not review Aslanis' claim that the BIA erred in failing to consider his application for section 212(c) relief *nunc pro tunc* since he failed to request such relief on appeal to the BIA, and thus, it has not been exhausted. 8 U.S.C. § 1252(d)(1).

We have considered all other arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.